Thomas Dickens, J.
The Superior Court of Los Angeles County, California, under the terms of its reciprocal witness statute, has granted a certificate requesting the issuance of a subpoena for the appearance and attendance of one, Samuel Mayers, a resident of this State, as a witness at a Grand Jury investigation now in progress there.
The prospective witness strenuously objects and contends in opposition that California provides no immunity statute such as section 2447 of our Penal Law; that section 618-a of the Code of Criminal Procedure does not authorize the issuance of a subpoena duces tecum; and that section 618-a is unconstitutional.
At the hearing of this motion, the assistant attorney-general, representing California, testified in substance that the prospective witness would become a defendant if the facts should warrant it.
In the face of the foregoing testimony, a serious preliminary question arises as to whether the witness is solely a witness or the statute is in reality being used for the purpose of effectuating the return of the witness in order to make him a defendant instead.
It should be borne in mind at this point that the Uniform Witness Act seems harsh and carries interference with personal liberty to an extreme limit. In view thereof, its terms should be strictly construed. (Cf. Matter of Prestigiacomo, 234 App. Div. 300.) It ought not to be used against any person unless that person is slated strictly as a statutory witness. (Cf. Matter of Bernoff v. Amoroso, 188 Misc. 845, affd. 271 App. Div. 925.)
It follows that the testimony elicited as heretofore noted, particularly in the light of the afore-mentioned citations, has made the matter of the good faith of the moving party a serious preliminary issue here.
The issue thus resultingly evolved and not met by the moving party with any further explanation for enlightenment, must consequently be resolved in favor of this prospective witness.
It is to be observed here that the court in passing upon this application is not at this time ruling on the validity of the act in question as it pertains to California on the basis that California may be lacking an immunity statute such as our own. Neither is it ruling on the type of subpoena that could issue. Nor is it ruling on the constitutionality of the act. Its ruling is confined solely, as stated, to the question of good faith underlying this proceeding.
In view of the foregoing, this application is denied.