Abraham: N. Geller, J.
This is an application under section 618-a of the Code of Criminal Procedure for an order directing the respondent, a resident of New York State, to appear as a witness in a criminal prosecution in the Superior Court of New Jersey, Hudson County.
The certificate of a Judge of that court states, inter alia, that there is pending therein a criminal prosecution in which the respondent is a necessary and material witness, that his presence will be required for a total of five days and that the laws of New Jersey will give him protection from arrest and the service of civil and criminal process in connection with matters which arose before his requested attendance in the State of New Jersey pursuant to the requested summons.
The Assistant Prosecutor of Pludson County testified at the hearing on the instant application that the respondent in July, 1959 had appeared, signed a waiver of immunity, and thus testified voluntarily before the Hudson County Grand Jury with *333 respect to certain allegedly unlawful payments made by Mm to a union official, the defendant in the prosecution in question ; that the Prosecutor has until now refrained from prosecuting respondent and intends to refrain from doing so because the State of New Jersey views the respondent as the victim of the alleged crime, but that he intends to prosecute the union official, whom that State views as the perpetrator thereof. Moreover, the Assistant Prosecutor testified that, if it were the Prosecutor’s intention to prosecute respondent, he could do so on the basis of respondent’s earlier testimony before the Hudson County Grand Jury and without his sought-for testimony at the forthcoming trial; that actually respondent’s testimony is necessary for the prosecution of the union official and that, indeed, an indictment of the respondent in addition to the union official would render impossible the successful prosecution of either.
The court is satisfied from the certificate, which under the statute it must treat as prima facie evidence of all facts stated therein, and the testimony and argument at the hearing that the application for the attendance of respondent as a witness is made in good faith and that the requirements of section 618-a have been met.
Respondent, however, raises the sole issue that the granting of this application would cause him undue hardship as referred to in subdivision 2 of section 618-a, and that the application must therefore be denied. The nature of the alleged hardship, according to respondent, is that the testimony sought from him would subject him to prosecution under the laws of New Jersey and the United States. For that reason he also pleads his privilege against self incrimination. Assuming, arguendo, that such prosecution falls within the meaning of 1 ‘ undue hardship ’ ’ as used in the statute, it is clear from what has already been said that he has waived his privilege against self incrimination by his prior testimony before the Hudson County Grand Jury and is accordingly subject to indictment whether or not he returns to New Jersey under a subpoena ordered by this court. Since the respondent may in any event be indicted and subject to extradition, it obviously cannot be said that compelling his testimony at the forthcoming trial in New Jersey by itself will subject him to a risk of prosecution. Furthermore, it would appear from the Assistant Prosecutor’s afore-mentioned representation to the effect that his office will not prosecute respondent and from the considerations he recited as underlying that decision, as well as from the certification of the Superior Court Judge that respondent’s testimony is sought solely as a witness, that *334 the feared risk of prosecution is without substance. Moreover, any questions of privilege are to be raised and determined in the New'Jersey Court (Matter of State of Washington v. Harvey, 10 A D 2d 691, appeals dismissed, 8 N Y 2d 865).
Matter of Mayers (9 Misc 2d 212) cited by respondent is distinguishable. There the representative of the demanding State testified that the prospective witness would become a defendant if the facts should warrant it, and the court on the basis thereof held that the application was not made in good faith. Here, however, the court has determined that the representation of the State of New Jersey was made in good faith that the respondent will not be subject to arrest and prosecution with respect to matters arising from his prospective testimony and that his attendance and testimony is sought merely as a witness against the indicted defendant.
Accordingly, the application is granted, and it is ordered that a subpoena issue (in lieu of the delivery of respondent to the Assistant Prosecutor of Hudson County) directing the respond-end to attend and testify at the time and place set forth in the afore-mentioned certificate and that he be paid the fees as provided in the statute.