**Gus PAPPAS, Appellant,**

v.

**ACCOUNTANTS, INC., Diana Auger, and Louis Trangas, Appellees.**

No. 2936.

Municipal Court of Appeals for the District of Columbia.

Argued March 5, 1962.

Decided April 13, 1962.

Leonard C. Collins, Washington, D. C., for appellant.

1. Lutz v. Lutz, D.C.Mun.App., 166 A.2d 489.

2. Schreiber v. Schreiber, D.C.Mun.App., 139 A.2d 278.

3. Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219.

F. Joseph Donohue, Washington, D. C., entered an appearance for appellees but filed no brief.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Appellant brought this action to recover $1,500 deposited for the purchase of certain commercial property with Diana Auger, a real estate broker representing the owner, appellee Trangas. At the conclusion of all the evidence the trial court, sitting without a jury, found that appellant had not sustained his burden of proof and entered a finding for appellees.

Appellant contends on appeal that the trial court erred in failing to find that the parties had not entered into a contract. Appellant urges (1) that the terms of the offer were at variance with those accepted by the seller Trangas; (2) that he effectively revoked his offer prior to acceptance; and (3) that there could be no contract until the expiration of the forty-eight-hour first refusal right of the tenant.

At trial there was conflicting evidence as to what transpired prior, during and subsequent to the signing of the contract. There was conflicting testimony as to the date the contract was signed, the point of time when the financing provisions were inserted, the time of and reasons for appellant's revocation of his offer to purchase, and, finally, whether the five days following acceptance had elapsed, during which time the parties were to make full settlement. The contract executed by the parties, however, clearly indicated that appellant offered to purchase and the seller agreed to sell the property on November 10, 1958. Appellant's check for the amount of the deposit bore the same date. Appellant testified that he sought to revoke his offer three days later, but prior to the expiration of the forty-eight-hour period during which time the tenant could have exercised his right of first refusal.

Assuming from the general finding in favor of appellees that the trial judge found that Trangas accepted the offer prior to appellant's attempted revocation, we cannot say that the judgment was plainly wrong or without evidence to support it. We are therefore precluded from retrying the factual issues under the guise of appellate review. Bellevue Gardens, Inc. v. Hill, D.C.Cir., 297 F.2d 185 (1961).

But appellant has urged that "there could be no contract until the forty-eight hour first refusal period of the tenant had elapsed." However, from an examination of the record we believe that there was sufficient evidence from which the court could have found that the parties intended to be bound by their agreement of November 10, subject to the *condition subsequent* that the agreement would be extinguished in the event the tenant sought to exercise his right to purchase the property within forty-eight hours of being notified that the seller had accepted a bona fide offer.

We consider the additional errors urged by appellant to be without merit. The judgment in favor of appellees is therefore

Affirmed.