PER CURIAM.
This is an appeal from a final order compelling attendance of a witness under the Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings. Chapter 942, Fla.Stat., F.S.A. The appellant is the witness whose return to the State of New York has been sought by that State for the express purpose of securing her testimony before a Grand Jury. The circuit judge received the certificate of a Justice of the Supreme Court of the State of New York stating, in part, as follows:
⅜ ⅜ *
“ROSALYN EPSTEIN, now a resident of the State of Florida, is a material and necessary witness to this Grand Jury investigation and is expected to testify to matters which are material to the said proceeding and the attendance and giving of testimony to the Grand Jury in the State of New York will not cause undue hardship to the said ROSALYN EPSTEIN.
*707 “The presence of ROSALYN EPSTEIN will be required before the Fourth December, 1962 Grand Jury of the County of New York on March 18, 19, 20, 21, 1963 at 1:30 p. m.”
* * *
Pursuant to this certificate and an attached affidavit of Jeremiah B. McKenna, an Assistant District Attorney in the County of New York, State of New York, the circuit judge conducted the hearing required by the Act; and at the conclusion thereof, entered the order which is now appealed.
The appellant has presented five points upon appeal contending that if the circuit judge had correctly applied the law, she would not be required to attend under the Act. In her first point, the appellant urges that the Dade County circuit court does not have jurisdiction to entertain the proceedings because the Act provides for the “ * * * presentation of such certificate to any judge of a court of record in the county in which such person is * It is argued that since in this county there are judges of courts of record other than judges of the circuit court, that court does not have jurisdiction under the Constitution of the State of Florida, art. 5, § 6(3), F.S.A., which states that the jurisdiction of the circuit court is exclusive “ * * * in all cases at law not cognizable by subordinate courts * * We think this argument must fail because the same section of the State Constitution provides that the circuit court shall have original jurisdiction “ * * * of such other matters as the legislature may provide.” As has been pointed out above, § 942.02(1) provides for the presentation of an appropriate certificate to any judge of a court of record in the county in which such person is. It, therefore, follows that the legislature by such provision expressly conferred jurisdiction upon the circuit courts to hear the matter involved.
The second point presented by appellant challenges the sufficiency of the certificate because it alleges ultimate rather than evidentiary facts. Since the certificate is in the words of the statute, we think that it is sufficient. It is usual for certificates of this type to follow the statute; [See In re Pitman, 26 Misc.2d 332, 201 N.Y.S.2d 1000 (Ct.Gen.Sess.N.Y.County 1960)] and inasmuch as the certificate is issued by a judge of the requesting state who has satisfied himself as to the sufficiency of the evidentiary facts to establish the necessary conditions for the making of the certificate, it is not required that he give the basis of his decision in order to have a certificate that is prima facie good. As was above mentioned, the certificate had appended to it an affidavit of an assistant district attorney which set out in great detail the reasons why the witness should be required to appear before a Grand Jury in •New York State.
Appellants’ third and fifth points present the contention that the Act was unconstitutionally administered so as to deny her due process of law. It is urged that the circuit judge had no right to accept the affidavit appended to the certificate and that the certificate with the appended affidavit may not be accepted as evidence by the circuit judge because they are not subject to cross-examination. We find no merit in these contentions because the proceedings with which we here deal are not criminal in nature. Application of the People of the State of New York, Fla.1958, 100 So.2d 149, rev’d on other grounds, People of State of N. Y. v. O’Neill, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959). They deal only with the question of whether this State will co-operate with its sister state in the effort to investigate crimes committed in the sister state. In such a proceeding it is not improper to lend the dignity of evidence to the facts stated in the properly authenticated documents of the sister state so that the officials making these statements need not travel over the many miles necessary to be personally present at the hearing to determine whether the witness will be required to attend. See State v. *708 Blount, 200 Or. 35, 264 P.2d 419, 44 A.L.R.2d 711 (1953). These procedures are, of necessity, less formal than a trial or extradition for alleged criminal activity.
The real question involved is whether or not one citizen will be inconvenienced in order to give testimony in a sister state. We think that the provision for a hearing before a judge of a court of record of this State and a full opportunity to present evidence upon the question of undue hardship is a sufficient guarantee to the citizen against unwarranted compulsory attendance. We, therefore, conclude that the Act was not unconstitutionally administered in this case.
Appellant’s remaining point challenges the circuit judge’s determinations upon the question of undue hardship. A review of the record convinces us that while there is evidence of hardship to the witness, no abuse of judicial discretion has been demonstrated in the decision of the circuit judge that the hardship was not such as to make it unjust or unlawful for her to be required to attend.
Affirmed.