**UNITED STATES ex rel. STATE OF PENNSYLVANIA, Appellant,**

v.

**John M. McDEVITT, Appellee.**

No. 3411.

District of Columbia Court of Appeals.

Argued Dec. 5, 1963.

Decided Dec. 12, 1963.

Charles H. Rogovin, Chief Asst. Dist. Atty. for County of Philadelphia, appearing specially,·with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and Martin R. Hoffman, Asst. U. S. Attys., Stanley M. Shingles, Asst. Dist. Atty. for County of Philadelphia, and James C. Crumlish, Jr., Dist. Atty. for County of Philadelphia, were on the brief, for appellant.

Michael J. Stack, Jr., Philadelphia, Pa., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This appeal stems from the refusal of the Criminal Division, District of Columbia Court of General Sessions, to issue process requiring John M. McDevitt, now present in the District of Columbia, to return as a witness to testify before the November, 1962, Investigating Grand Jury convened in the city of Philadelphia, Commonwealth of Pennsylvania.

The application for attendance of this witness was accompanied by a certificate from a judge of the Court of Oyer and Terminer General Jail Delivery and Quarter Sessions of the Peace, for the City and County of Philadelphia, adjudging John M. McDevitt a material witness for the purpose

of giving testimony. The District of Columbia Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings [1] is reciprocal in its terms with the comparable statute of Pennsylvania.[2] Under these reciprocal statutes, it is mandatory that a hearing be held here and a determination made as to whether "the witness is *material and necessary,* that it will not cause *undue hardship* to the witness to be compelled to attend and testify * * *." [Emphasis supplied.] The certificate is prima facie evidence of all facts stated therein.

After a hearing the trial judge issued the following order:

"* * * upon consideration of the application, the certificate, the answer, the testimony and the representations of counsel for the respective parties, and being satisfied that the requirements of the Pennsylvania Act and the District of Columbia Code counterpart have not been met in that, among other reasons, it would cause undue hardship to require the granting of the application, it is ordered that the application for a summons be denied and the proceedings aforesaid dismissed."

The primary question on appeal is whether there was sufficient competent evidence to support these critical findings of fact.

 We have examined the entire record and are of the opinion that there was ample evidence to support the trial judge in denying the application and in finding the statutory requirements justifying the witness's forced attendance had not been met for the reason that it was not established that appellee was a material and necessary witness or that compelling his attendance at the grand jury investigation would not cause him undue hardship. The trial court's determination was not arbitrary, ca-

pricious or unreasonable. Although we might have drawn different conclusions upon the record at trial, we are not authorized upon appellate review to try the facts anew and substitute our findings if there was evidence to support the trial court.[3] Therefore, we hold there was no abuse of discretion by the trial judge in denying process compelling the attendance of the witness in Pennsylvania.[4]

Affirmed.

HOOD, Chief Judge, dissents.

---

1. D.C.Code 1961, § 23–801 et seq.

2. 19 P.S. §§ 622.1 through 622.7.

3. Lipsey v. Harriet, D.C.App., 192 A.2d 529; Haslen Sales Corp. v. Washmobile Corp., D.C.Mun.App., 184 A.2d 855; Papas v. Accountants, Inc., D.C.Mun.App., 179 A.2d 721.

4. We have not found it necessary to reach the constitutionality of the Pennsylvania Act, as suggested by appellee.