In the Matter of the Proceedings to Compel the Attendance of George Grothe, Respondent-Appellant, as a Witness in a Criminal Proceeding in the Commonwealth of Massachusetts.

Gen. No. 50,441.

First District, Fourth Division.

April 9, 1965.

1

Rogers, Paul & Hansen, and Schiff, Hardin, Waite, Dorschel & Britton, all of Chicago (W. Donald Mc-Sweeney, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Clyde O. Bowles, Jr., Stuart P. Shapiro and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

There is involved here an appeal in a proceeding to secure the attendance of an Illinois witness to testify before a grand jury in Massachusetts. This extraordinary action, unknown to common law, was brought under a "Uniform Act" which has been adopted in many states over the past thirty years but enacted by the Illinois legislature only in 1959, and this is the first case in which the statute has been construed by a court of this state. Ill Rev Stats, c 38, § 156–1, et seq. The trial court, by order entered and summons issued on March 31, 1965, directed the respondent to attend for the purpose of testifying before the grand jury in Boston on April 12, 1965, and there to produce certain books and records of which he is the custodian.[1] Respondent has appealed, and with remarkable dispatch filed the record in this court on April 6. Extensive oral arguments were heard on April 8.

The primary contention for reversal is that there was insufficient showing in the trial court that respondent is a material and necessary witness. It is also argued that the statute does not authorize a summons or subpoena directing the production of documents.

The paragraphs of the statute pertinent to consideration of these points read as follows:

---

[1] By virtue of his being the Custodian of Records for The First National Bank of Chicago. Neither the respondent nor the bank is the owner of the records.

§ 156–1. *Definitions.*

"Witness," as used in this act, shall include a person whose testimony is desired in any proceeding or investigation by a grand jury or in a criminal action, prosecution or proceeding.

The word "summons" shall include a subpoena, order or other notice requiring the appearance of a witness.

§ 156–2. *Summoning witness in this state to testify in another state.*

If a judge of a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in this state certifies under the seal of such court that there is a criminal prosecution pending in such court, or that a grand jury investigation has commenced or is about to commence, that a person being within this state is a material witness in such prosecution, or grand jury investigation, and his presence will be required for a specified number of days, upon presentation of such certificate to any judge of a court of record in the county in which such person is, such judge shall fix a time and place for a hearing, and shall make an order directing the witness to appear at a time and place certain for the hearing.

If at a hearing the judge determines that the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify in the prosecution or a grand jury investigation in the other state, and that the laws of the state in which the prosecution is pending, or grand jury investigation has commenced or is about to commence (and of any other state through which the witness may be required to pass by ordinary course of travel),

4

will give to him protection from arrest and the service of civil and criminal process, he shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the court where the prosecution is pending, or where a grand jury investigation has commenced or is about to commence at a time and place specified in the summons. In any such hearing the certificate shall be prima facie evidence of all the facts stated therein.

■ The parties agree that the extent to which the application of this act can impinge upon the personal affairs and liberties of an individual requires strict construction of the statute. In re Mayers, 9 Misc2d 212, 169 NYS2d 839, 840.

On March 1, 1965 there was filed in the Circuit Court of Cook County a duly exemplified certificate of the Chief Justice of the Superior Court, Suffolk County, Massachusetts, stating in its relevant parts:

1. That there is now a sitting of the Grand Jury of the County of Suffolk, which Grand Jury will be conducting an investigation and proceeding relative to the business of the Department of Banks and Banking.

2. That George Grothe, the Keeper of the Records of The First National Bank of Chicago, in the County of Cook, in the State of Illinois, is a necessary and material witness for the Commonwealth of Massachusetts at such Grand Jury hearing by reason of the following:

That he has certain books, papers, letters, and other records under his custody and control relating, referring or pertaining to the transfer of common stock of Liberty Loan Corporation to one Sidney Held of Glendale, Missouri and from him to one William F. Ma-

5

honey of Dennisport, Massachusetts being the latter's certificates numbered 3724, 4428, 6027, 13557.

That he has information and records in his custody and control of the transactions which will be investigated; and that the presence of said keeper of the records personally before the Grand Jury at said sitting for the purpose of giving testimony and producing records therein upon the part of the Commonwealth of Massachusetts will be required for one day between March 1, 1965 and March 15, 1965.

Grothe was ordered to appear for hearings which were held on March 5 and 11. Petitioner was represented by the State's Attorney of Cook County who presented no testimony or affidavits, the matter being heard solely upon the certificate itself, in reliance upon the statutory direction (quoted above) that such certificate "shall be prima facie evidence of all the facts stated therein." At the conclusion of these hearings the court indicated its opinion that the certificate did not meet the statutory requirements for the issuance of a summons. The petition was not denied or dismissed, however, and leave was granted to file an amended certificate.

On March 31 an amended certificate was filed, and written objections which had been filed by the respondent to the original certificate were permitted to stand as his objections to the amended certificate. The only changes made by the amendment of the certificate were these:

In the first subparagraph of paragraph 2 (as quoted above) the information was added that William F. Mahoney is now deceased.

In the second subparagraph of said paragraph 2 the first clause thereof was amended to state that the information and records in respondent's custody and control "are not otherwise available to the Commonwealth due to the death of Mahoney."

The time for respondent's appearance was also changed to a day between April 1 and April 13, 1965.

A hearing was conducted on March 31, 1965, and again it was limited to the sufficiency of the facts presented in the certificate (as amended), with the one stipulated additional fact that respondent, if called as a witness at the hearing, would testify that, while he was the custodian of the records, he had no personal knowledge of the transactions referred to in the amended certificate. The order appealed from was then entered and the summons was served upon the respondent in open court requiring his attendance at Boston with the books and records on April 12, 1965.

█ There can be no doubt as to the sufficiency of the amended certificate as such, because it follows precisely the language of the first paragraph of Section 156–2 in certifying that respondent is a material witness in the Massachusetts grand jury investigation and that his presence will be required on a day within a specified period. The question raised as to the sufficiency of the certificate relates only to its character as prima facie evidence of the facts stated therein, in the matter of meeting the petitioner's burden of proof at the hearing which must be conducted under the provisions of the second paragraph of Section 156–2. That paragraph provides that before a summons may issue, the judge (in this instance a judge of the Circuit Court of Cook County) must conduct a

7

hearing to determine whether or not the witness is material and necessary to the investigation in the petitioning state. United States ex rel. State of Pa. v. McDevitt, 195 A2d 740, 741 (DCCA). It must be the local judge's determination and not that of the certifying court. And in this, the certified conclusion of the petitioning court to the effect that the witness is material and necessary can have no weight whatsoever. It is only the facts and not the conclusions set forth in the certificate which are given prima facie evidentiary value, and should they not be sufficient, then testimony or other evidence must be presented if a summons is to issue.

■ Considering, then, only the certifications of fact, we are unable to perceive any basis for concluding that respondent is either a material or a necessary witness.[2] The statements of fact disclose that a grand jury is conducting an investigation relative to the Massachusetts Department of Banks and Banking; that respondent has custody of documents pertaining to the transfer of Liberty Loan Corporation stock to Held and to Mahoney; that Mahoney, who was formerly a resident of Massachusetts, is now dead. No facts are stated indicating any connection between the Department of Banks and Banking (or the grand jury's investigation thereof) and the Liberty Loan Corporation, or its business operations, or its stock, or Held, or Mahoney, or the transfer of Liberty stock to either of them.[3] That being true, it is impossible to say that records of these transfers are material to the banking investigation.

---

[2] On both these issues it should be borne in mind that since the only evidence is that respondent has no personal knowledge of the transactions referred to, it is the documents which must be shown to be both material and necessary to the investigation.

[3] Nor are there any dates given as to the transfers in question, a fact which could bear on the question of materiality to a current grand jury investigation.

8

We also believe that the amendment of the certificate (to show Mahoney's death), which was obviously intended to establish respondent as a necessary witness, fails of its purpose. For all that is shown— other than the conclusion of the certifying judge— the death of Mahoney may have made the information concerning his stock acquisitions more readily available from Massachusetts sources than when he was alive and in a position to assert constitutional privileges.

More fundamentally, however, there is no indication in the certificate as to what it is that respondent is a necessary witness to, or what it is that his records are necessary to establish. And that gets us back to materiality again, because without first showing the materiality of the documents their necessity cannot come under consideration. They could be material and still not be necessary, but the converse could not be true.

██ The State's Attorney argues that less detail in the certification of facts should be required in regard to a grand jury investigation than in regard to a criminal trial. He contends that the secrecy of the grand jury's proceedings would make it improper to disclose many facts (which might otherwise be needed to establish materiality and necessity) lest they also disclose the course and the targets of the investigation. We do not believe this to be the case, however, since the statute makes no such distinction. Furthermore, simply because the proceeding involved is a grand jury investigation does not preclude the certification of enough facts to indicate materiality and necessity.[4] In such a case, it is our opinion that the

---

[4] The opinion in the case of In re Saperstein, 104 A2d 842, 843 (30 NJ Super 373) describes the certificate of a New York court in seeking to compel a New Jersey witness to testify before a

certifying court must decide whether to expose the hand of the grand jury in this limited way and, in so doing, have the benefit of the statute in compelling the attendance of an out-of-state witness, or to maintain the secrecy of the grand jury's intentions and thus deny itself the assistance of the statute in obtaining whatever benefit might be derived from the testimony of such a witness.

We are also of the opinion that the trial court exceeded its statutory authority when it ordered respondent to produce documents in his custody. The definition of "summons" as used in the act includes "a subpoena, order or other notice *requiring the appearance of a witness.*" (Emphasis supplied.) Ill Rev Stats, c 38, § 156–1. This is language which is tailored rather exactly to describe a subpoena ad testificandum, and does not include the characteristics of a subpoena

New York grand jury. The certificate itself probably contained even more details, but it is paraphrased in the opinion as follows:

On February 25, 1954 a certificate, executed by the judge of the Court of General Sessions of the County of New York, was filed in the Essex County Court reciting that a grand jury was conducting an investigation of the insurance welfare funds of certain labor unions and of the activities of certain insurance agents doing business with the members of various labor unions located in the County of New York; that the grand jury was seeking to ascertain whether the commissions received by the said insurance agents were being or had been split with certain labor officials and other unauthorized persons, in violation of the Insurance Law of the State of New York, McK Consol Laws, c 28, and whether the crime of conspiracy and bribery had been committed in connection therewith; that Louis B. Saperstein, appellant, an insurance agent residing in New Jersey, had placed contracts of insurance for members of unions in New York County and he was required as a necessary and material witness before the grand jury making that investigation and, in connection therewith, certain specified books and personal records of the appellant were necessary and material.

10

duces tecum. It would have been simple, indeed, for the statute to make it clear that both types of subpoena were covered, if this had been the intention of the legislature.

Other than by what we consider to be the clear meaning of the language employed, we are also impressed by the fact that the statutory protection from arrest and the service of civil and criminal process is for the benefit of the witness only and does not extend to any documents which he might have in his custody.[5] When, as in the instant case, the documents are not the property of the respondent, they might be taken from him by civil process or he might be ordered to turn them over to a court or grand jury. Such a result would be so manifestly inconsistent with the general purpose of the statute that we consider it to fortify our conclusion that a summons in the nature of a subpoena duces tecum was not contemplated.

On this point we are aware of the fact that a New Jersey court worthy of the highest respect has reached the opposite conclusion. In re Saperstein, 104 A2d 842, 845 (30 NJ Super 373). We are, of course, not restricted in our deliberation by the background of local

---

[5] See the second paragraph of § 156–2 quoted above and § 156–4 which reads:

§ 156–4. *Exemption from arrest and service of process.*

If a person comes into this state in obedience to a summons directing him to attend and testify in this state he shall not, while in this state pursuant to such summons be subject to arrests or the service of process, civil or criminal, *in connection with matters which arose before his entrance into this state under the summons.* (Emphasis supplied.)

While this section of the Illinois statute would have no bearing on the instant case, the comparable section of the Massachusetts statute would be importantly pertinent.

11

case law, cited in the New Jersey opinion, which appears to have influenced that court's decision. Nor do we seem to employ the same general approach in construing the statute. As stated near the beginning of our opinion, we believe that this type of legislative enactment calls for strict construction; whereas, the New Jersey court quoted with approval from another New Jersey opinion (Davis v. Lehigh Valley R. Co., 97 NJL 412, 414) which said:

> The statute [6] is in aid of comity between sister states, and, as its purpose is to assist in the due administration of justice, it should be liberally construed.

In the trial court the respondent offered testimony to show that the Massachusetts grand jury in question was illegally constituted. The rejection of this offer of proof is urged as error. In view of the conclusions we have reached, we do not consider it necessary to pass on this point.

The order of the Circuit Court is reversed and the summons is quashed.

Reversed and summons quashed.

McCORMICK, P. J. and DRUCKER, J., concur.

ON REHEARING.

MR. JUSTICE ENGLISH delivered the opinion of the court.

■ We allowed the State's Attorney's Petition for Rehearing and permitted him to include therein (con-

---

[6] The statute involved in that case was not the one presently before us, but was apparently an earlier act relating to the same subject and object.

12

trary to Rule 9 in that regard) extensive reargument and citation of authorities on the issues of the case. This was done because of the shortness of time available to the parties on the original presentation of the case. (See the first paragraph of our opinion filed April 9, 1965.)

After thorough study of the Petition for Rehearing and Respondent's Answer thereto, we adhere to the positions taken in the opinion as previously filed.