APPEL *v.* STATE OF NEW YORK

[No. 465, September Term, 1965.]

*Decided, per curiam, May 26, 1966.*

*Opinion filed June 22, 1966.*

The cause was argued before PRESCOTT, C. J., HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Robert C. Heeney,* with whom were *William J. Rowan, III* and *Heeney, McAuliffe & McAuliffe* on the brief, for appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Leonard T. Kardy, State's Attorney for Montgomery County,* on the brief, for appellee.

## PER CURIAM ORDER

For the reasons to be hereafter stated, it is *ORDERED,* this 26th day of May, 1966, by the Court of Appeals of Maryland, that the order passed herein by the court below be affirmed; but, since it requires the appellant to appear in New York on dates which have now expired, the case is remanded so that the Circuit Court may modify its order to include dates satisfactory to the New York authorities. It is further ORDERED that the mandate issue immediately.

STEDMAN PRESCOTT
*Chief Judge*

PRESCOTT, C. J., delivered the opinion of the Court.

After appellant, a two-year resident of Maryland, who is a licensed lawyer in the State of New York and who formerly served for 28 years as an investigator for the New York City Alcohol Beverage Control Board, refused voluntarily to appear as a witness before the Grand Jury in New York, these proceedings, under the Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings, Code (1957 and 1965 Cum. Supp.), Article 27, §§ 617-623, were instituted.

In accordance with § 618, a sealed certificate of Justice Fine of the Supreme Court of the State of New York was filed in the Circuit Court for Montgomery County, and, in due time,

a hearing pursuant to said section was held before Judge Pugh. It will be unnecessary to set forth all the minute details of the proceeding showing compliance with the statutory provisions, for appellant, as indeed he must, concedes that any not challenged in this appeal were complied with. After said hearing, Judge Pugh ordered appellant to appear before the Grand Jury in New York for a period of 3 days; this appeal resulted.

Appellant contends that (1) the evidence produced at the hearing was insufficient to support a finding that he was a material and necessary witness; (2) the affidavit of David A. Goldstein, attached to Justice Fine's certificate, should not have been considered; and (3) the trial court erred in failing to make a determination that the laws of all States through which he ordinarily would be required to pass afforded him protection from arrest and the service of civil and criminal process (in connection with matters which arose before his entrance into said States).

I

Justice Fine's certificate conformed with the language of the statute, and stated, *inter alia,* that appellant was a necessary and material witness to a Grand Jury investigation then being conducted. Appellant challenges this as not being a statement of fact but a mere certified conclusion of the petitioning court.

Although the Uniform Act has been in effect in some jurisdictions for about 30 to 35 years, there is a paucity of decisions of Courts of last resort interpreting the same.[1] *In re Grothe,* 208 N.E. 2d 581, decided by an intermediate appellate Court in Illinois is heavily relied upon by appellant. There the petitioning State relied solely upon the judge's certificate, which stated that Grothe was "a material and necessary witness" in a Grand Jury investigation in Massachusetts. The court held the Uniform Act should be strictly construed, and "the certified conclusion of the petitioning court to the effect that the witness is material and necessary can have no weight whatso-

---

1. Most of the cases are collected in an Annotation in 44 ALR 2d 732 and in 4 ALR 2d Later Case Service pp. 950, 951. See also New York v. O'Neill, 359 U. S. 1.

ever"; hence the lower court's order had been improvidently issued.

On the other hand, an intermediate appellant court in Florida, in *Epstein v. People of State of New York,* 157 So. 2d 705, when the same reason was assigned for challenging the sufficiency of a like certificate under the Uniform Act, the court said: "Since the certificate is in the words of the statute, we think that it is sufficient. * * * and inasmuch as the certificate is issued by a judge of the requesting state who has satisfied himself as to the sufficiency of the evidentiary facts to establish the necessary conditions for the making of the certificate, it is not required that he give the basis of his decision in order to have a certificate that is prima facie good."

In the view that we take of the case at bar, it is unnecessary to adopt or to discuss further the quoted portions of the above opinions. *Grothe* is readily distinguishable on its facts, and in our opinion, there was ample evidence presented before Judge Pugh to support a finding that appellant was a material and necessary witness to appear before the Grand Jury investigation then being conducted in New York. Some of this testimony, in substantial part furnished by appellant and his witnesses, follows. Appellant and his wife were both licensed lawyers in the State of New York. He had served for 28 years as an investigator for the New York City Alcoholic Beverage Control Board (Control Board). The Grand Jury had for some time been conducting an investigation to determine whether there had been "in existence conspiracies to pay bribes to public officials attached to the Control Board, and whether said bribes had, in fact, been paid." Appellant was summoned to appear before the Grand Jury. Under New York law, public officers, when appearing before a Grand Jury, must sign a waiver of immunity. He appeared, but refused to sign the waiver of immunity, informing the Grand Jury that he had resigned as investigator as of the day before; whereupon he was excused. The Control Board rescinded his resignation, and he was again subpoenaed, but he again refused to sign a waiver, insisting that he was no longer a public officer.

There was evidence to the effect that the investigation of the Grand Jury indicated that bribes had been funneled to high state

officials by attorneys and employees of the Control Board, and that appellant was "in possession of vital information and [could] give material testimony in connection with the said investigation." It further indicated that appellant, while an investigator as aforesaid, had invested a substantial sum of money in a hotel located in Arizona, and since his resignation, he had purchased a motel in Rockville.

Appellant apparently felt that he had completely shattered the effectiveness of the latter allegations by showing that it was his wife, not he, who had made a $5,000 investment in the Arizona hotel. This investment was said to have been made by means of a loan of the owner of the hotel to the wife, because she and appellant had been friends of the owner, and he "just wanted to see that they had some additional income." The same friend was the owner of the motel in Rockville. He sold to appellant a 49% interest in "an operating leasehold" on the motel for about $18,500. No intimation was given as to the actual value thereof. Appellant testified the motel, itself, was worth over $1,700,000.

We hold that the above, together with the other evidence adduced, was sufficient to support the trial judge's finding that appellant was a material and necessary witness.

## II

If we lay aside completely the question of the probable admissibility of the affidavit of David A. Goldstein, Esq., *Epstein v. People of State of New York, supra,* the short answer to this contention is that no objection was made, at the hearing, to a consideration of said affidavit. If inadmissible testimony be admitted (and we do not wish to intimate that the affidavit was inadmissible), without objection, it is in the case for whatever it is worth, *Cohen v. Engel,* 229 Md. 87. See also *Schroeder v. Drees,* 83 N. W. 2d 707 (Wisc.).

## III

Although it is clear from the testimony that Judge Pugh satisfied himself that appellant would receive the protection required to be afforded by Section 618 (b), it is true that he failed, specifically, to find such as a fact. In our opinion, this

inadvertent oversight is rendered harmless by our Uniform Judicial Notice of Foreign Law Act, Code (1957), Article 35, §§ 47-53. The District of Columbia, Pennsylvania, Delaware, and New Jersey have all adopted the Uniform Act, including the protective measures required by Section 618 (b). 11 Del. Code, Annot., Sec. 3524; 19 Pa. Stat., Sec. 622.4; 2 A N.J.S., Sec. 81-21. D. C. Code 1951 Ed., Supp. VI, Title 23, §23-804(b).

The above are the reasons for our previous *per curiam* order.