BARKDULL, Judge
(dissenting).
I respectfully dissent and would reverse the order under review,, and direct that the appellant be discharged.
It is obvious from the affidavit of the New York officials that the object of seeking the appellant’s appearance in New York is not as a “witness”, but to subject him to grand jury inquiry and criminal prosecution. This was not the purpose of the Uniform Extradition of Witness Act. See: Bernoff v. Amoroso, 188 Mise. 845, 65 N.Y.S.2d 810; In Re Mayers, 9 Misc.2d 212, 169 N.Y.S.2d 839; In Re Grothe, 59 Ill.App.2d 1, 208 N.E.2d 581. From the record, it is apparent the appellant is the “object” of the Grand Jury investigation and, therefore, the State of New York should be required to first charge him with a criminal offense and seek extradition in the traditional manner and not attempt to substitute the Uniform Witness Act for the traditional criminal extradition process.