Irving Lang, J.
The instant applications, pursuant to the uniform act to secure witnesses from within or without a State in criminal proceedings (CPL 640.10), seek an order *1044 directing the named individuals to appear with the books, papers, and records of the afore-mentioned business entities and testify before a New Jersey grand jury sitting in Mercer County at Trenton. The applications are accompanied by certificates of the Honorable Arthur A. Salvatore, Judge of the Superior Court of New Jersey, under section 81-18 et seq. of title 2A of New Jersey Statutes, adjudging the parties to be material witnesses in a pending criminal investigation into medicaid fraud and abuses in the nursing home industry presently being conducted by a New Jersey State Grand Jury.
Messrs. Bernard and Stanley Bergman oppose the instant applications on the following grounds:
1. The applications are really directed toward production of documents, for which there is no provision under the interstate compact.
2. The applications’ request for documents is overly broad and constitutes a fishing expedition.
3. The documents sought are not material and bear no reasonable relationship to the subject matter under investigation.
4. The applications fail to establish the necessity for compelling attendance of the parties and the production of records.
The court is constrained to reject the parties’ contention that the interstate compact does not encompass the production of documents. Both the courts of the State of New York and the State of New Jersey have recognized that the term "subpoena” as used in the uniform act subsumes a subpoena duces tecum requiring the production of books and records (see Matter of State of Washington v Harvey, 10 AD2d 691, app dsmd 8 NY2d 865, Matter of Saperstein, 30 NJ Super 373).
With respect to the Bergmans’ other objections, the court finds that the certificates and accompanying applications of the New Jersey prosecutor clearly delineate the scope and nature of the Grand Jury inquiry being conducted. The papers indicate that it is believed fraudulent practices in the nursing home industry may have resulted in excessive medicaid reimbursements and that this scheme was believed to be accomplished by inflating the expense statements submitted by the homes. The firms whose business records are sought by the New Jersey Grand Jury allegedly have lease and contractual arrangements with nursing homes in New Jersey to provide *1045 services, and payments have been made for services provided thereunder for which medicaid reimbursement was obtained.
It is clear to the court that there is sufficient nexus between the subject matter of the investigation and the information and records sought to be produced by these witnesses. The court finds the applications of the State of New Jersey to be reasonable, material, and necessary to the Grand Jury proceeding.
Moreover, all three witnesses appear from the evidence presented to be officers or partners in the concerns doing business with New Jersey nursing homes and, therefore, proper parties from whom to seek testimony with regard to the financial arrangements entered into by their firms with New Jersey nursing homes (Matter of State of Washington v Harvey, supra).
With regard to the contention that the subpoenas are too broad in scope, the Supreme Court in United States v Dionisio (410 US 1, 11) observed: "The Fourth Amendment provides protection against a grand jury subpoena duces tecum too sweeping in its terms 'to be regarded as reasonable.’ (Hale v Henkel, 201 US 43)”.
The court has reviewed the subpoena duces tecum portions of the applications and finds they do not appear to present a problem of overbreadth. The items sought therein seem to bear directly upon the matters under investigation and are specified with a reasonable degree of particularity.
Counsel also advances the usual "fishing expedition” argument, namely, that the New Jersey Grand Jury is merely fishing for evidence without any justification (United States v Calandra, 414 US 338; Hale v Henkel, 201 US 43; Boyd v United States, 116 US 616). The "fishing expedition” argument has been consistently misunderstood and misinterpreted. An investigative Grand Jury traditionally probes for evidence in previously unexplored areas. Indeed, that is its function, provided that the expedition is conducted in good faith and with proper regard for due process (United States v Calandra, supra; Branzburg v Hayes, 408 US 665; United States v Dionisio, supra). In other words, absent abuse of power a grand jury has a broad scope of inquiry. If the New Jersey Grand Jury is engaged in a "fishing expedition,” the papers would also indicate that, at least in this instance, they have a license to do so. However, absent any clear showing of over *1046 reaching, any objections based on overbreadth should appropriately be raised before a New Jersey forum.
Accordingly, Messrs. Bernard and Stanley Bergman and Charles Bick are deemed material and necessary witnesses to the proceedings before the New Jersey State Grand Jury sitting in Mercer County. It appears to the court that it will not cause undue hardship for them to appear and give evidence, and that the State of New Jersey, as required by CPL 640.10, will give them protection from arrest and the service of civil and criminal process.
The applications of the State of New Jersey made pursuant to the interstate compact are granted. The material witnesses are hereby directed to appear before the Grand Jury in accordance with the terms of the subpoenas issued by this court in conjunction with this opinion.