OPINION OF THE COURT
William C. Brennan, J.
The Supreme Court of Somerset County, New Jersey, under the terms of the uniform act to secure the attendance of witnesses from without the State in criminal cases (NJ Stats Ann, § 2A:81-18 et seq.; CPL 640.10 et seq.) has granted a certificate adjudging one Neil N. Motto to be a material witness, and requesting that he be taken into immediate custody and delivered to an officer of the State of New Jersey for appearance at Grand Jury proceedings pending in Somerset County, New Jersey.
Neil N. Motto is presently at liberty on $10,000 bail fixed by the Supreme Court of Queens County.
Neil N. Motto opposes the application. He alleges that the use of the Uniform Witness Act is merely a device to obtain incriminating evidence against him, namely, his photograph and fingerprints and that the State of New Jersey is not in good faith attempting to secure his presence in the Grand Jury as a witness.
The New Jersey certificate recites that Motto was present at the scene of a burglary with other individuals who *58 assisted in the theft, and it is expected that the fingerprints and photograph of Motto will contribute significantly to the investigation by establishing his criminal participation.
An Assistant Prosecutor of Somerset County, New Jersey has submitted an affidavit in which Motto’s participation in the burglary and theft is spelled out in greater detail. Indeed the affidavit alleges, in effect, probable cause for his arrest.
The issue presented to this court is not whether, under certain circumstances, a prosecutor can obtain a person’s photograph and fingerprints, but whether the Uniform Reciprocal Witness Act may be used for such a purpose when the “witness” is such an obvious target for the Grand Jury investigation and a potential defendant.
It appears quite clear that Motto is not a necessary and material “witness” to the New Jersey investigation and it is not his testimony that is sought. The Uniform Witness Act is harsh and carries interference with personal liberty to the extreme limit. Its terms should be strictly construed (Matter of Prestigiacomo, 234 App Div 300). It ought not to be used against any person unless that person is slated strictly as a statutory witness. (Matter of Bernoff v Amoroso, 188 Misc 845, affd 271 App Div 925; Matter of Mayers, 9 Misc 2d 212.)
Accordingly, this application is denied.