583 So.2d 1083 (1991)
Clement DELIT, Appellant/Cross Appellee,
v.
STATE of Florida, Appellee/Cross Appellant.
No. 90-1284.
District Court of Appeal of Florida, Fourth District.
July 17, 1991.
*1084 Gene Reibman, Fort Lauderdale, and Bruce Lyons of Lyons and Sanders Chartered, Fort Lauderdale, for appellant/cross appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee/cross appellant.
STEVENSON, W. MATTHEW, Associate Judge.
Clement Delit appeals an order of the Broward County Circuit Court compelling him to appear as a witness before a grand jury in the State of New York. The State of Florida, appearing on behalf of New York, cross appeals that portion of the order holding that Delit does not have to produce documents. We reverse on the main appeal, rendering the cross appeal moot.
This case arises under chapter 942, Florida Statutes, Interstate Extradition of Witnesses, cited as the "Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings." Following the procedures set forth in the Act, Justice George Roberts, a trial judge in New York, certified under seal of that court that a grand jury investigation had commenced, that appellant is a material witness in such grand jury investigation and that appellant's presence would be required for a specified number of days. Justice Roberts signed the certification specifically basing his findings on the "affirmation" or affidavit of New York District Attorney John Moscow, which affidavit was attached to the certification. Armed with the New York certificate, the Broward County State Attorney's office obtained a hearing date to determine whether the court would issue the subpoena compelling appellant, a Broward County resident, to appear. At the hearing, the trial judge reviewed the certificate and affirmation and determined that the certification of the New York Supreme Court was entitled to comity. The court ordered Delit to appear in New York for one day but ordered that he did not have to produce the desired records. This appeal and cross appeal followed.
In In re Application of Superior Court, 471 So.2d 171 (Fla. 4th DCA), rev. denied, 480 So.2d 1296 (Fla. 1985), this court was asked to determine whether the trial court erred in failing to conduct an independent review of the requisite elements of materiality and necessity of the proposed witnesses' testimony pursuant to chapter 942. The court did not reach the issue because the affidavits there conclusively demonstrated that each of the witnesses sought were material and necessary to the California criminal proceeding. In this case, although the trial court stated that he would give comity to the certification of the New York judge, it is clear that the court made an independent evaluation of the underlying affidavit and simply agreed with the New York judge that materiality and necessity of the witness had been shown. Thus, from a procedural standpoint, the trial court properly followed all of the technical requirements of *1085 chapter 942, including the requirement that the certificate serve as "prima facie evidence of all the evidence stated therein" and that he "determine that the witness is material and necessary."
Despite the trial judge's rigorous adherence to the procedural requirements of the act, we agree with appellant that the facts shown in the certification and affirmation are insufficient as a matter of law to establish that the appellant is a material and necessary witness in the grand jury investigation. Appellant is the father of Steven Delit, subject of the grand jury investigation in New York. Steven Delit was the leader of a rent strike in New York; the grand jury is investigating allegations that he embezzled over one million dollars in escrowed rent money. Steven has disappeared and apparently left New York. The New York District Attorney wants the father, Clement Delit, to appear before the grand jury because he believes that the father may have relevant information concerning the whereabouts of his son.
The problem with the affidavit submitted by the New York District Attorney is that it is almost entirely based on hearsay, and the hearsay on which it is based, even if true, does not establish appellant's materiality and necessity as a witness in the grand jury proceedings. The affidavit alleges that the District Attorney was "informed" by an employee of Eastern Airlines that the defendant recently purchased a round trip from New York to Florida (no specific city was alleged), and that only the New York to Florida portion was negotiated; that the affiant was "told" that the defendant was seen leaving his home with two suitcases; that the affiant had "spoken" to witnesses who "suggested" that Delit had established trust funds for his son; and further, that the affiant "suspects" that Steven Delit is in close contact with appellant. The facts outlined in the affirmation do not lead to the conclusion that the elder Delit would be a material and necessary witness in the grand jury investigation. The affidavit amounts to no more than mere supposition that Delit may know the whereabouts of his son and makes no allegation that Delit has information concerning the underlying offense. Although the information sought may be material and necessary, the witness is not material and necessary pursuant to chapter 942, Florida Statutes, if there is no showing whatsoever that he possesses that information. This is all the more true where a witness is asked to travel many miles across state lines in obedience to a summons.
We need not reach the state's claim that the trial court erred in concluding that section 942.02, Florida Statutes, did not extend to a subpoena duces tecum. There are no reported Florida decisions on this question and there is no provision of the Act which specifically mentions the production of documentary evidence by a summoned witness. The definitions provision of the Act provides that "[s]ummons includes a subpoena, order or other notice requiring the appearance of a witness." § 942.01(3), Fla. Stat. (1989). Courts of other states seem uniformly to hold that the Act permits issuance of subpoenas duces tecum. E.g., In re State of California For the County of Los Angeles, Grand Jury Investigation, 57 Md. App. 804, 471 A.2d 1141 (Md. Ct. Spec. App.), cert. denied,, 467 U.S. 1205, 104 S.Ct. 2388, 81 L.Ed.2d 346 (1984); In re Bick, 82 Misc.2d 1043, 372 N.Y.S.2d 447 (N.Y. Sup. Ct. 1975); In re Saperstein, 30 N.J. Super. 373, 104 A.2d 842, cert. denied, 15 N.J. 613, 106 A.2d 41 (N.J.), cert. denied, 348 U.S. 874, 75 S.Ct. 110, 99 L.Ed. 688 (1954). In In Re State of California Grand Jury Investigation, the court parenthetically noted that it would make little sense to allow a state to compel a witness who has material evidence to appear and testify about a matter but not allow that state to compel him to bring that evidence. Indeed, the power to compel a witness to appear and the power to compel production of documents both are critical and fundamental to the evidence-gathering process, especially where the target of an investigation may be subjected to criminal charges based only on the naked, unsubstantiated testimony of a witness who actually may possess documentary evidence inconsistent with his sworn testimony. Because the *1086 Act is to be "interpreted and construed as to effectuate its general purpose and make uniform the law of the states which enact it," section 942.05, Florida Statutes, the uniform holdings of our sister states should be given great weight where they are well reasoned and legally sound.
REVERSED.
ANSTEAD and WARNER, JJ., concur.