The petitioner, Jerome Simmons, appeals from the court's order granting the state's motion for production and to secure the attendance of an out-of-state witness pursuant to §12-21-283, Code of Alabama 1975, "The Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings." The petitioner was charged with murder for causing the death of another person while driving under the influence of alcohol. The district attorney's office, under the authority of § 12-21-280, Code of Alabama 1975, subpoenaed the custodian of the records at the West Florida Regional Medical Center. The state seeks the results of the blood alcohol test performed on the appellant at the medical center. The court denied the petitioner's request that this information not be made available. This petition for a writ of prohibition followed.
A writ of prohibition "is the counterpart to a writ of mandamus." Black's Law Dictionary 1212 (6th ed. 1990). The purpose of the writ is explained in Black's as "to confine inferior courts to their proper jurisdiction and to prevent them from acting without or in excess of their jurisdiction; it is preventive in nature rather than corrective." Black's LawDictionary 1212 (6th ed. 1990).
Section 12-21-283(a), Code of Alabama 1975, commonly referred to as "the Uniform Act," states:
 "(a) If a person in any state which, by its laws, has made provision for commanding persons within its borders to attend and testify in criminal proceedings or grand jury investigations commenced or about to be commenced in this state is a material witness in a criminal proceeding pending in a court of record in this state or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. Said certificate may include a recommendation that the witness be taken into immediate custody and delivered to an officer of this state to assure his attendance in this state. This certificate shall be presented to a judge of a court of record in the county in which the witness is found."
The only question this court must answer is whether §12-21-283 encompasses the power to issue a subpoena duces tecum. The state contends that the Uniform Act authorizes the issuance of a subpoena duces tecum; the petitioner contends that the statute does not authorize the issuance of a subpoena duces tecum.
To answer this question we must examine the purpose behind the Uniform Act. The Uniform Act's purpose was discussed in depth in the following annotation, which states:
 "The Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, which was approved by the National Conference of Commissioners of Uniform State Laws in 1931 and *Page 903 
amended in 1936, is intended to provide a means for state courts to compel the attendance of out-of-state witnesses at criminal proceedings. In order to accomplish its purpose, the Uniform Act authorizes the issuance of a summons, which is defined to include a 'subpoena, order, or other notice requiring the appearance of a witness,' directing a witness to attend and testify at a criminal proceeding.
 "While it is clear that the Uniform Act permits the courts of one state to secure the attendance of witnesses from another state to give testimony in a criminal prosecution or grand jury investigation, a question has arisen in a number of cases whether the Act authorizes the issuance of a subpoena duces tecum to compel the production of books and records. In resolving this question, the courts generally have been guided by the purpose of the Act and its relevant language.
 "Some courts have taken the position that in view of the remedial purpose of the Act and also in view of the broad construction placed on the term 'subpoena' in similar statutes, it is clear that the Act authorizes the issuance of a subpoena duces tecum."
Annot., Availability under Uniform Act to Secure the Attendanceof Witnesses from Without a State in Criminal Proceedings ofSubpoena Duces Tecum, 7 A.L.R.4th 836, 837 (1981).
The majority of states that have been presented with this issue have interpreted the Uniform Act to include the power to issue subpoenas duces tecum. See In re Saperstein, 30 N.J. Super. 373, 104 A.2d 842, cert. denied, 348 U.S. 874,75 S.Ct. 110, 99 L.Ed. 688 (1954); State v. Harman, 165 W. Va. 494,270 S.E.2d 146 (1980); In re Bick, 82 Misc.2d 1043, 372 N.Y.S.2d 447
(1975); Application of Grand Jury of State of New York,8 Mass. App. Ct. 760, 397 N.E.2d 686 (1979); Superior Court ofNew Jersey v. Farber, 94 Misc.2d 886, 405 N.Y.S.2d 989 (1978).
However, there is authority for the proposition that the Uniform Act does not include the right to issue a subpoena duces tecum. See In re Grothe, 59 Ill. App.2d 1, 208 N.E.2d 581
(1965) (after the release of Grothe, the Uniform Act in Illinois was amended to include the specific authority to issue subpoenas duces tecum, see Ill.Rev.Stat. ch. 725, para. 220-1 (1994): "The word 'summons' shall include a subpoena (both subpoena ad testificandum and subpoena duces tecum), order or other notice requiring the appearance of a witness.").
The Massachusetts Court of Appeals in Application of GrandJury of State of New York, stated the following:
 "The Uniform Act makes no mention of subpoena duces tecum or of the power of a court under the Act to order the production of documents. That silence does not necessarily imply a rejection of the power. The powers to compel the testimony of a witness are so similar in nature and so fundamental to the gathering of evidence in judicial proceedings that one is hard put to imagine a reason for permitting the former and rejecting the latter; and one suspects that a conscious intention to differentiate between testimonial and documentary evidence would have found some concrete expression in the words of the Act, rather than mere silence. It is not inconceivable that the question of how the Act would relate to the production of documents simply never occurred to the Commissioners on Uniform State Laws. The record of their deliberations can be read as confirming such a suspicion, for we find therein no reference to the production of documents even in passing, much less as a discrete subject of discussion."
397 N.E.2d at 688.
We agree with the Massachusetts Court and with the majority of the courts, which hold that the Uniform Act authorizes the issuance of a subpoena duces tecum.
For the foregoing reasons, the petitioner's writ of prohibition is denied.
WRIT DENIED.
All the Judges concur. *Page 904