IN THE MATTER OF SUMMONS DIRECTED TO LOUIS COOPER TO ATTEND AND TESTIFY IN A CRIMINAL PROSECUTION DEPENDING IN THE COUNTY COURT, PART II, OF THE COUNTY OF KINGS, STATE OF NEW YORK.

Argued November 7, 1941—Decided November 8, 1941.

Before Justice HEHER, at chambers.

For the motion, *Milton, McNulty & Augelli.*

*Contra, Harold Simándl* and *J. Bertram Wegman* (the latter of the New York bar).

HEHER, J.   This is an application by the cited witness for a writ of *certiorari* to review the issuance by Common Pleas Judge Davidson, at the instance of a defendant (one Buchalter), of a summons commanding him to appear and testify in the trial of the cause of People v. Louis Buchalter, et al., in the County Court, Part II, of the County of Kings, in the State of New York, a criminal prosecution now in process of trial, in the exercise of what was conceived to be authority conferred by chapter 88 of the laws of 1941 (*Pamph. L.*

1941, *p.* 200; *R. S. C.* 2:97-27) ; and the inquiry is whether a fairly debatable question is raised. I find none such.

It is said that the statute is unconstitutional, in that "it would permit of an unlawful and oppressive seizure of the witness."

The act is not oppressive in the legal sense, *i. e.,* as permitting an unlawful deprivation of the individual's liberty. It is a prerequisite to the issuance of the summons that there be a determination that that course "will not cause undue hardship to the witness," and that the laws of the state in which the prosecution is pending, and of any other state through which the witness may be required to pass by ordinary course of travel, "will give to him protection from arrest and the service of civil and criminal process." Provision is made for the tender of mileage at a reasonable rate and a daily allowance as well.

This is but an adaptation of the federal procedure to state sovereignties *inter se,* amply conditioned against abuse of the process—to such only as shall enter into the like reciprocal arrangement for the modification of jurisdictional restraints common to the states—a device that indubitably serves an essential public interest.

Secondly, it is urged that the act applies only to witnesses sought by the state, and that the defendant is left to the old procedure by depositions. Neither the title nor the body of the act is so limited. While the primary purpose may well have been to enable the state to procure evidence that would otherwise be unavailable, it is evident that the legislature designed to make the procedure available also to the defendant. Considering the value of the witness' appearance and demeanor in assaying his testimony, it is inconceivable that the legislature would make such a distinction. At all events, there is nothing in the context to suggest that intention.

And there is abundant proof that Cooper is a material witness. Such was certified to be the fact by the judge conducting the trial of the cause; and the act renders his certificate *"prima facie* evidence of all the facts stated therein." Judge Davidson made a like finding; and it is well grounded. After all, the question of the materiality of the evidence is largely

for the decision of the court in which the cause is being tried, for it depends somewhat upon the law of that jurisdiction and the evidence adduced on the trial of the issue.

Motion denied, without costs.