McNULTY, Judge.
ON MOTION TO STAY
Appellant, Isadore Terl, has appealed from an order compelling his attendance as a witness before a. Baltimore, Maryland Grand Jury under the provisions of the Uniform Interstate Extradition of Witnesses Act (Ch. 942, F.S. 1969, F.S.A.). Pursuant to § 942.02(2) of said Act the court below found; among other things, that the appellant is a necessary and material witness to the matters before the aforesaid Grand Jury, that his attendance before it “will not cause undue hardship upon him” and it thereupon ordered his appearance. We have before us, now, a Motion to Stay the effect of that order of extradition pending disposition of this appeal.
Appellant urges two grounds for his Mo-, tion to Stay. First, he contends that the order of extradition is erroneous because the burden is on the demanding state to prove the lack of undue hardship rather than on the witness to prove the existence of it, and that the demanding state here has failed to carry this burden by adducing proof in support thereof;[1] and secondly, in the alternative, he alleges that he presently has a serious heart condition and is physically unable to make the trip to Maryland.
In arguing his first point, appellant apparently finds great solace in the language of § 942.02(2), supra, which provides in pertinent part as follows:
“If at a hearing the judge determines that the witness is material and necessary * * * [and] * * * that it will not cause undue hardship to the witness to be compelled to attend and testify * * * in the other state, * * * he shall issue a summons * * * directing the witness to attend and testify * * [Italics supplied]
He submits that this language patently places the burden on the demanding state of proving the conditions precedent to the issuance of the summons sought, and that upon default thereof a court in the harboring state is without authority to make an affirmative finding “that it will not cause undue hardship to the witness”. Nonsense! In the first place, the readiness, willingness and ability of every person to abide by the duly issued orders of a court are manifestly the usual and ordinary state of things. Accordingly, there is a presumption that this is so in every case, and the courts may proceed on such presumption. Anyone seeking to rebut or neutralize this presumption need only come forth with contrary evidence.
Additionally, and to further emphasize the speciousness of appellant’s first contention, we observe that if his point is well taken under the facts of this case then, we suggest, a demanding state under the uniform act before us would be equally burdened with proving a negative of unlimited proscription in every case. That is to say, not only would it be required to establish the absence of physical disability, as here, but also the absence of every conceivable form of debilitating inconvenience from ambulatory pneumonia to the vexing press of business. This can’t be the law nor the intent of the statute.
Turning now to appellant’s second point, the record reveals, from appellant’s own representations, that he has been examined three times by a physician for the purpose of supporting his motion now before us and concerning his alleged physical incapacity to travel to Maryland. Admittedly, no report from the examining physician has been filed or presented in *832 support of his motion, although more than three weeks have elapsed since at least one of the physical examinations, and no satisfactory explanation has been given for its absence. In sum, there is nothing in the record below, nor presently before us, to warrant the issuance of an order staying the order appealed from.
Accordingly, the motion to stay should be denied, and the temporary stay order heretofore issued herein abiding this event should be vacated and set aside. It is so ordered.
Motion to stay denied.
PIERCE, Acting C. J., and MANN, J., concur.

. This is also one of the two principal points raised on the merits of appellant’s appeal.