**Ex parte Jay J. ARMES, Appellant.**

**Nos. 60990, 60991.**

Court of Criminal Appeals of Texas, Panel No. 1.

April 18, 1979.

Rehearing En Banc Denied July 3, 1979.

---

Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and William J. Ellis, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

This is an appeal from an order denying the appellant's request for habeas corpus relief. Relief was sought from a summons directing the appellant to appear as a witness in California pursuant to an order entered under Art. 24.28, V.A.C.C.P.

Cause No. 60,990 (Cause No. 32,770–205 in the trial court) contains the record from the hearing in which the appellant was ordered to appear in California as a witness. This record contains no application for habeas corpus relief nor any order denying that relief. The only order of the trial court reflected by this record is an order for a summons directing Armes to appear in California.

In *Armes v. State*, Tex.Cr.App., 573 S.W.2d 7, this Court considered a purported appeal from a previous order for Armes to appear in California as a witness regarding this same matter. This Court held that there is no right to a direct appeal from a court order entered pursuant to Art. 24.28, supra, compelling the witness' attendance.

The current posture of the record in Cause No. 60,990 presents nothing more than a purported appeal from an order entered pursuant to Art. 24.28, supra. No appeal lies from such an order. Cause No. 60,990 is dismissed.

Cause No. 60,991 (Cause No. 32,923–205 in the trial court) contains an application for a writ of habeas corpus and an order denying the relief sought. The record further reflects that timely notice of appeal was given.

In *Armes v. State*, supra, this Court also considered an appeal from the trial court's denial of habeas corpus relief. This Court, noting that the appellant was not in custody and under no restraint, held that the habeas corpus question was moot. In the present case, however, the appellant was ordered to post a $10,000 bond to ensure his appearance as a witness.

In *Ex parte Trillo*, 540 S.W.2d 728, this Court held that a person was under restraint for habeas corpus purposes when released on bond or bail. Thus, appellant is under restraint, and Cause No. 60,991 is properly before us.

The record reflects that on January 24, 1979, the State filed a "Petition to Secure Attendance of Witness." This petition alleged that all requisites under Art. 24.28, supra, had been complied with by the requesting state, and sought to have an order entered directing Armes to appear in San Diego County, California, on April 11, 1979, at 9:00 a. m.

Attached to the petition and incorporated by reference was a Certificate of the Superior Court of San Diego County, California, requesting the attendance of Armes to testify at a grand jury proceeding. The status of this court as a court of record and the authenticity of the judge's signature were sworn to by the clerk of the court in a separate certificate. The judge's certificate, in summary, stated that:

"1. An investigation into a certain murder was pending with the San Diego County Grand Jury;

"2. That Armes, who resides in El Paso County, Texas, is 'a necessary and material witness' in that murder investigation;

"3. That Armes is a material and necessary witness for the reasons set out in an attached affidavit;

"4. That the proper payment for transportation and per diem for the three days which the witness' presence would be required is tendered;

"5. That Armes would be protected from arrest or service of process in California and the states through which he would travel;

"6. That the State of California requests Texas to take Armes into custody and be delivered to an officer of California to assure the appearance of the witness."

An attached affidavit executed by Richard Huffman, Chief Deputy District Attorney for San Diego County, set out in detail the factual basis for the Superior Court's finding that Armes was a material witness. According to this affidavit, Armes had been hired by a San Diego citizens committee to investigate the murder now being investigated by the grand jury. The affidavit further states that after conducting his investigation in California Armes made representations that he knew who the murderer was. This affidavit detailed previous attempts to secure this witness' attendance.

A tender of proper compensation accompanied the judge's certificate. After a hearing the trial court ordered Armes to appear as a witness in California, and Armes posted a bond to secure his attendance. Armes' application for habeas corpus relief was denied, which is now the basis of this appeal.

This case presents a question of first impression regarding the requisites necessary to compel a person in this state to appear as a witness in a criminal proceeding in a sister state. A brief discussion of the general procedure to be used, in addition to the specific grounds of error urged by the petitioner, is thus in order.

Article 24.28, Sec. 3, supra, sets out the procedure to be used when a sister state requests the compulsory attendance of a witness in a criminal matter. This statute provides for the following steps in the courts of this state. *See, New York v. O'Neill*, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959).

Upon the state's filing of a petition, the trial court in the county in which the witness is located sets a hearing on the *Art. 24.28* request if:

1. It is shown that the demanding state has enacted a reciprocal act to Art. 24.28, supra; and

2. A judge of a court of record in that demanding state certifies under seal (a) that the witness sought is a material witness (b) in a criminal prosecution or grand jury investigation (c) and will be required for a specific number of days.

See, Art. 24.28, Sec. 3(a), supra. If these requisites are met, the trial court sets a time and place for the hearing and orders the witness to appear at the hearing.

After this hearing the trial court can enter an order directing the witness to appear in the requesting state only if it determines that:

1. The witness is material and necessary to the criminal proceeding or grand jury investigation; and

2. The witness will not be caused undue hardship if compelled to attend the proceeding in the sister state; and

3. The witness is protected from arrest and service of civil and criminal process in the demanding state and all states through which the witness must pass.

Art. 24.28, Sec. 3(b), supra.

Article 24.28, Sec. 3(d), imposes the sanctions for the failure of a witness to appear in the requesting state. A prerequisite for imposition of these sanctions is that the requesting state must have tendered compensation for the trip as required by Art. 35.27, V.A.C.C.P.

■ Appellant contends that the facts contained in the certificate from the requesting state standing alone are insufficient to support the trial court's determination that he is a material and necessary witness. As set out above, this finding is a prerequisite to ordering the witness to appear in the requesting state.

Article 24.28, Sec. 3(b), supra, provides that the judge's certificate from the requesting state is prima facie evidence of all the facts stated therein. The appellant testified at the hearing that he had no knowledge or information regarding the investigation in an effort to rebut this prima facie

showing. Appellant correctly states that there are no cases in this jurisdiction on this issue, and cites decisions of sister states in support of his contention.

The Illinois enactment of the Uniform Act to Secure Attendance of Witnesses from Without the State was interpreted in In re Grothe, 59 Ill.App.2d 1, 208 N.E.2d 581 (Ill.App., 1965). In Grothe, the court stated that the determination of whether the witness was material and necessary was to be made by the local court rather than by the court of the requesting state. The court held that the local court must refuse the request when the facts set forth in the certificate are insufficient to support a finding that the witness is material and necessary and no additional evidence is offered. See, In re Stamler, 279 App.Div. 908, 111 N.Y.S.2d 313 (Sup.Ct., 1952).

Other jurisdictions have come to the opposite conclusion in interpreting the same act, however. In re Cooper, 127 N.J.L. 312, 22 A.2d 532 (1942). In Cooper, the court observed that the question of materiality of the witness should be the decision of the requesting court as that question would turn on the law of that jurisdiction and the issues presented in that criminal proceeding. Thus, the court found that the assertion of materiality by the requesting state in the certificate was sufficient to support a finding in the local court that the witness was material and necessary. Accord, Epstein v. New York, 157 So.2d 705 (Fla.Dist. Ct.App., 1963).

The purpose of Art. 24.28, supra, is to provide for an efficient means for our courts to compel the attendance of out-of-state witnesses in criminal matters. To achieve this purpose, the Legislature also provided the necessary reciprocal procedure for sister states to gain the attendance of witnesses from this state.

■ To require the requesting state to again litigate in our courts its judicial finding that the witness is material and necessary would not promote the purpose of this statute. As stated by the Supreme Court in O'Neill, "Comity among the states, an end

particularly to be cherished when the object is enforcement of internal criminal laws, is not to be defeated by *a priori* restrictive view of state power." 359 U.S. at 11–12, 79 S.Ct. at 571. Thus, this Court's interpretation of Art. 24.28, supra, should reflect the same deference to the judicial determinations made in sister states that we would expect to be given to judicial determinations made in the courts of this state.

■ We hold that the certificate from the requesting state setting out that the witness is material and necessary is sufficient to support the trial court's finding of that fact.

In holding that the trial court should accept the determination of the requesting state, we are mindful of our duty to ensure the citizens and inhabitants of this state due process of law and freedom from unfounded interruption to their lives. Other provisions of Art. 24.28, supra, are sufficient to discharge this obligation, however.

Article 24.28, Sec. 3(d), supra, provides that the requesting state must compensate the witness as set forth in Art. 35.27, supra. This protects the witness from financial hardship as a result of his compelled attendance.

■ Further, the requesting state must specify the exact number of days the witness' attendance will be required. A request for attendance that imposed an undue hardship on the witness because of excessive duration could be denied by the local court.

■ Finally, this procedure cannot be used as a subterfuge to compel the witness' presence for other purposes. The witness is protected against arrest and service of process during his attendance. *See, Wright v. State*, 500 P.2d 582 (Okl.Cr.App., 1972).

Appellant next contends that the trial court erred in finding that no undue hardship would be suffered if appellant were compelled to appear and testify before the San Diego County grand jury. Appellant maintains that his testimony and that of his treating physician showed that the trip would cause him undue hardship.

Dr. Bill Dickey testified that the appellant had been admitted to the hospital on January 21, 1979, and later released on January 27, 1979. Dr. Dickey stated that the appellant was still under his supervision and care on February 13, 1979, the date of the doctor's testimony. According to the doctor, appellant's medical problems required that he maintain a completely bland diet. Although the doctor stated that this food could only be obtained at a hospital or specially prepared at home, he did not elaborate on the types or requisite preparation of this food.

Dr. Dickey concluded that he would advise his patient against taking the trip to California on the basis of the harmful effect of a stressful situation and the dietary problems.

On cross-examination the doctor admitted that some of the symptoms complained of by the appellant were incapable of objective confirmation. Dr. Dickey also stated that the condition of the appellant would not prevent him from appearing at the local hearing, and further that by the middle of April the petitioner would be able to go to his office five days a week. Finally, the doctor stated that the most important consideration as to the effects of the travel would be the available food.

Appellant testified that the travel would cause him undue hardship because of the unavailability of food prepared as required for his diet.

■ Other jurisdictions have placed the burden of proving undue hardship on the witness seeking to avoid testifying in the requesting state. *Terl v. Maryland*, 237 So.2d 830 (Fla.Dist.Ct.App., 1970). *Cf. Epstein v. New York*, supra. We agree with this rule. It is logically the witness' burden to come forward with evidence of any undue hardship, not the State's duty to negate the existence of undue hardship.

■ The trial court acts as the trier of fact in hearings under Art. 24.28, supra. As the trier of fact the trial court must pass on the credibility of the witnesses and de-

termine the weight to be given the evidence before it. *See, Grant v. State*, Tex.Cr.App., 566 S.W.2d 954; *Reed v. State*, Tex.Cr.App., 533 S.W.2d 35.

■ In the present case the testimony of the doctor was somewhat equivocal and failed to elaborate on why the foods necessary would not be available in California. We further note that the petitioner appeared at the hearing and the trial court had an opportunity to observe his condition. We find no error in the trial court's holding that the attendance of the appellant to testify would not cause him undue hardship.

Appellant finally contends that a finding of materiality was barred by a previous finding that he was not a material witness. Appellant maintains that either double jeopardy or res judicata would bar this subsequent finding. This contention requires a brief history of this litigation.

On May 25, 1978, the State filed a petition, Cause No. 78–3083, to secure the attendance of Armes as a witness in California regarding the same San Diego Grand Jury investigation involved here. Attached to this petition was a certificate dated May 19, 1978, from the Honorable Judge Franklin B. Orfield, Superior Court for San Diego County. A hearing was held in the 34th District Court of El Paso County on May 31, 1978. The court entered an order for summons stating that Armes was a material witness, his attendance to testify would not cause undue hardship, and Armes would be protected from arrest and service of process during this trip. A summons was issued ordering Armes to appear in San Diego, California, on June 14, 1978.

On June 8, 1978, Armes filed an application for writ of habeas corpus, Cause No. 32118–34. A hearing was held on June 9, 1978, and relief was denied.

Both the trial court's order for summons, Cause No. 78–3083, and the denial of habeas corpus relief, Cause No. 32118–34, were "appealed" to this Court. On October 18, 1978, this Court dismissed both purported appeals. *Armes v. State*, 573 S.W.2d 7.

On November 7, 1978, the State again filed a petition to secure the attendance of Armes as a witness in California (Cause No. 32564). This petition was filed in the 34th District Court. The record next shows a "First Amended Petition to Secure Attendance of Witness," Cause No. 32564–205, filed in the 205th District Court of El Paso County. Attached to this petition was a certificate from Judge Orfield, dated October 24, 1978, and including a clerk's certificate and the petition filed in California in order to obtain the certificate from Judge Orfield.

On December 14, 1978, the State filed a "Second Amended Petition" in Cause No. 32,564–205 with certificate from Judge Orfield dated December 5, 1978, and his clerk's certificate. The petition filed in California to obtain Judge Orfield's December 5th certificate was not attached.

A hearing was held in Cause No. 32,564–205 on January 17, 1979. The transcription of the court reporter's notes from that hearing reflects that Judge Orfield's December 5th certificate had originally included the petition filed in California to obtain his certificate. This portion of his certificate had been lost, however. At the conclusion of the hearing the trial court denied the State petition in Cause No. 32,564–205.

On January 25, 1978, a judgment of dismissal was entered in Cause No. 32,564–205 on the motion of the El Paso District Attorney. The reason for this dismissal was set out as:

"The Court, having read the pleadings, heard and examined the evidence, and heard the argument of counsel finds that the certificate fails to state any facts to show that Jay J. Armes is a material and necessary witness."

On January 24, 1978, the State had filed another petition to secure the attendance of this witness, Cause No. 32,770–205. Attached to this petition was a certificate dated January 18, 1979, from the Honorable Judge William A. Yale, Superior Court of San Diego County, a certificate from the clerk of Judge Yale's court, an affidavit from the grand jury foreman, and the peti-

tion filed in California to obtain Judge Yale's certificate. The subsequent proceedings in Cause No. 32,770–205 and the application for a writ of habeas corpus, Cause No. 32,923–205, are the subject of the present view.

 Appellant's reliance on double jeopardy is misplaced. Our laws forbid a person from being put twice in jeopardy for the same offense. *See*, Art. 1.10, V.A.C.C.P.; Tex.Const. Art. I, Sec. 14; U.S.Const., Amend. V. In the present proceeding, however, no criminal adjudication was involved. Appellant was not being tried for an offense. The possible outcome of this hearing did not include criminal sanctions.

Although later related proceedings might impose criminal sanctions for the failure to obey the court's order, the court's order for the witness to appear was not a criminal adjudication. We find no merit to appellant's double jeopardy claim.

Likewise, we find petitioner's claim of res judicata inapplicable here. First, were we to find res judicata applicable, it would work to the petitioner's detriment. As set out above, petitioner was adjudged a material witness in May of 1978. To apply res judicata would hold that the subsequent finding that petitioner was not a material witness was barred by the prior finding that he was.

 Further, res judicata applies only where it is shown that the following elements exist: "identity of parties, issues, subject matter, relief sought and cause of action." *Franklin v. Rainey*, 556 S.W.2d 583 (Tex.Civ.App.—Dallas, 1977, no writ), and cases cited therein. In the present case, each attempt to secure the witness' attendance requested that he appear on a different date. Thus, the specific relief sought in each of the three attempts to secure his attendance was different. Res judicata does not apply.

The purported appeal in Cause No. 60,990 is dismissed. The trial court's order denying relief in Cause No. 60,991 is affirmed.