**Douglas Loring ASHBY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-81-313-CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 16, 1983.

Law Offices of Lane & Lane and Bill Lane, Michael Sloan, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and HUGHES and BURDOCK, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at life in the Texas Department of Corrections.

We affirm.

Appellant's first ground of error asserts that the trial court erred in refusing to subpoena an out-of-state witness who was present when the crime took place.

The appellant has a Sixth Amendment constitutional right of compulsory process to call witnesses in his favor and this right is applicable to the State under the Fourteenth Amendment. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). However, this right is not absolute. The State may require a defendant to establish some colorable need for the person to be summoned where such process is at State expense, lest the right be abused by those who would make frivolous requests. *Ashley v. Wainwright*, 639 F.2d 258 (5th Cir.1981). When the State denies a defendant's right to call witnesses on his own behalf, a State's interest in restricting who may be called will be closely scrutinized. *Washington v. Texas, supra; Ron-*

son v. Commissioner of Cor. of State of N.Y., 604 F.2d 176 (2nd Cir.1979).

Texas has adopted the Uniform Act to Secure Attendance of Witnesses from Without State. V.A.C.C.P. art. 24.28 (1966) (originally V.A.C.C.P. art. 486a (1951)). This provides that:

If a person in any State, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence, in this State, is a *material* witness in a prosecution pending in a court of record in this State, or in a grand jury investigation which has commenced or is about to commence, a judge of such court *may* issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. [Emphasis added.]

V.A.C.C.P. art. 24.28, § 4(a).

This type of statute has been generally upheld as constitutional. *New York v. O'Neill*, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959).

The Court of Criminal Appeals has held that a certificate from a requesting state setting out that the witness is material and necessary is sufficient to support the trial court's finding of that fact. *Ex parte Armes*, 582 S.W.2d 434, 439 (Tex.Cr.App.1979). We interpret this to mean that the trial court judge of the requesting state (Texas in this case) must first make the determination whether the out-of-state witness is material and necessary before issuing a certificate to a judge in another state.

In the instant case, appellant's attorney filed with the court his request to subpoena two residents of the State of Indiana. Appellant's counsel offered into evidence, at a pretrial hearing, his affidavit which tracks the statute, but only reports that the testimony of the requested witnesses were material and necessary. The trial judge requested more evidence to establish materiality. Defense counsel declined to put on more proof believing that he would "be forced to call my hand …" As a result, the trial court denied the motion.

On the day of trial, Ashby presented to the court a pleading entitled "Defendant's Third Motion for Continuance and Alternative Application to Take Depositions of Material Witnesses" together with another affidavit of appellant's attorney. In this pleading the attorney is more precise.

While again urging the trial court to grant the two out-of-state subpoenas, counsel sets forth the following additional information:

a. Jamie Lane (a four year old child) can testify that the mother of the deceased was present at the time the death occurred and witnessed the death of Nicholas Lane.

b. Albert Lane (the father of the deceased) can testify to the prior violent relationship of the deceased and the child's mother.

c. Albert Lane is material and necessary for rebuttal testimony that the defense anticipates will be necessary to properly defend Ashby.

Appellant's attorney offered no evidence as to any matter addressed in the Third Motion for Continuance concerning the subpoenas.

In *Armes, supra,* at 437, the court reviewed the request of the State of California for the presence of a Texas witness. The affidavit is reviewed and sets forth in detail the factual basis for the request and what the witness would testify to in a murder investigation.

Defense counsel must set forth in detail the purpose and the substance of the testimony sought from the witness for the court.

■ We hold the trial judge has the responsibility to determine whether or not out-of-state witnesses are material and necessary before issuing a certificate to a sister state requesting that those out-of-state witnesses be subpoenaed to testify in criminal matters in this State. Accordingly, it is incumbent upon appellant to prove to the trial court that the out-of-state witness is material and necessary. The trial court's determination, as such, will not be over-

ruled on appeal absent abuse of discretion. Finding no abuse of discretion, appellant's first ground of error is overruled.

Appellant's second ground of error asserts in two parts that the trial court erred in its charge to jury on (a) the manner and means of death of the victim and (b) by failing to give the jury a charge on circumstantial evidence.

■ In regard to the first part of appellant's second ground of error, Ashby complains that the trial court's charge is not supported by the evidence. Ashby was charged by indictment with the beating death of a child. The trial court correctly charged the jury as to the alternate means of death. *Brandon v. State,* 599 S.W.2d 567, 577 (Tex.Cr.App.1980). It is proper to charge only on the means which is supported by the evidence. *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978). Appellant contends that the evidence supports only the charge that death was by manner and means unknown, not by beating the child "with his fists, or by beating or striking the head ... against a bathtub, ..."

We disagree.

■ Testimony was taken by one witness alleging she heard something being "knocked up" against the neighbor's bathtub. The testimony of the medical examiner determined that the child had died of head injuries inflicted by more than one blow and that a man the size of the appellant could have swung the child's body and head against a bathtub or that the injuries could have been inflicted by a person's fist. One member of the Grand Jury testified that the Grand Jury was unable to determine by what manner and means death was caused to the child.

We hold the evidence sufficiently supports the charge as submitted to the jury.

■ In referring to the second part of appellant's second ground of error, if the accused admits or confesses to killing the deceased, proof of the admission or confession is direct evidence of the main inculpatory fact, and a charge on circumstantial

evidence is not required when proof of such admission or confession is in evidence. *Sloan v. State,* 515 S.W.2d 913 (Tex.Cr.App. 1974).

Even if the confession is equivocal, a circumstantial evidence charge is not necessary if the other evidence, together with the confession, conclusively establishes that the killing confessed is the killing for which the defendant is on trial. *Ridyolph v. State,* 545 S.W.2d 784 (Tex.Cr.App.1977).

■ In this case, appellant did sign a written confession after being read his constitutional rights and knowingly and voluntarily waiving those rights. There is no doubt that confession along with other evidence tends to establish that the killing confessed is the killing for which the defendant is on trial. We hold a charge on circumstantial evidence is not required. The second point of appellant's second ground of error is overruled.

Appellant's third ground of error asserts that the trial court erred in overruling appellant's motion for mistrial on four separate occasions following improper questions and arguments by the prosecutor which were calculated to inflame the minds of the jury in a manner that would render a fair trial impossible.

■ It is well established that any error in asking an improper question may generally be cured or rendered harmless by sustaining an objection and giving an instruction to disregard. *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978). An exception to this rule is where the evidence is clearly calculated to inflame the minds of the jury, and is of such character as to suggest the impossibility of withdrawing the impression. *Torres v. State,* 552 S.W.2d 821 (Tex.Cr.App.1977).

■ In this case, appellant objected to two instances involving improper questions which he points out in his brief as being sustained by the trial court. After requesting a proper instruction appellant moved for a mistrial which was denied. We hold that any error in asking these questions was rendered harmless by sustaining the error

and giving the jury an instruction to disregard.

■ Appellant's third instance which he complains of occurs during the prosecutor's cross-examination of appellant. The record reflects that the appellant's attorney objected to the prosecutor's statements and asked that the jury be retired. After the court granted the request, appellant moved for a mistrial which was overruled. At no time did appellant ever request that the jury be instructed to disregard the complained of statements. We hold that appellant failed to properly preserve any error as to these particular remarks, since he failed to request the court to instruct the jury to disregard this particular statement. *Sifford v. State,* 505 S.W.2d 866 (Tex.Cr.App. 1974).

■ Finally appellant complains of the phrase "this murderer" that the prosecutor used in his closing argument. A jury argument will not constitute reversible error unless it is extremely or manifestly improper, or injects new and harmful facts into evidence. *Walthall v. State,* 594 S.W.2d 74 (Tex.Cr.App.1980). Here appellant objected to the phrase, asked the court to instruct the jury to disregard the statement, and moved for a mistrial. The court sustained the objection, and gave the instruction but overruled the motion for mistrial. We hold that in applying the general rule and in light of the instruction to the jury that it rendered the statement harmless and that no reversible error exists. *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr.App.1972). Appellant's third ground of error is overruled.

The judgment is affirmed.