Cecil JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–326–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 12, 1987.

Barry R. Benton, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

The opinion issued on October 8, 1987, is hereby ordered withdrawn, and the following opinion is substituted therefor.

Appellant was convicted of murder and sentenced to life imprisonment. He brings four points of error: (1) that the trial court abused its discretion and denied him due process of law and effective assistance of counsel in refusing to provide him with State funds to hire an investigator; (2) that the trial court abused its discretion in denying him due process of law and effective assistance of counsel by refusing to advance funds from the registry of the court to secure the presence of out-of-state witnesses; (3) that the court abused its discretion in denying appellant due process of law in failing to grant a continuance; and (4) that the trial court erred in refusing to suppress an oral confession that was violative of appellant's right to remain silent and effective assistance of counsel. The sufficiency of the evidence is not challenged. We affirm the conviction.

Appellant was arrested in late 1983 for the murder of Terry Ray Long on South Padre Island, Texas, but was released and the charges against him dismissed in January 1984. On January 29, 1986, he was arrested in Clermont County, Ohio, for shoplifting. The arresting officer in Ohio, Investigator Robert Stout of the Pierce Ohio Township Police Department, testified at the subsequent murder trial in Cameron County, Texas, that appellant admitted to him, while waiting in the Clermont County Clerk's Office for Officer Stout to complete the shoplifting complaint, that he had committed a murder on South Padre Island, volunteering details such as the location, name of the victim, manner of death, and color of the victim's automobile. This testimony of Officer Stout was critical to appellant's conviction, and the four points of error revolve around Stout's testimony.

In his first point of error, appellant maintains the trial court abused its discretion in refusing to advance State funds to hire an investigator, thus denying him due process of law and effective assistance of counsel. Appellant filed two pretrial motions requesting authorization for funds for investigation, and both motions were denied.

Appellant's first motion, filed April 7, 1986, requested that an investigator be employed at public expense because an investigator was necessary for appellant to prepare his defense and because appellant was indigent, without means to employ an investigator, and confined in Cameron County Jail unable to make bond. Affidavits

accompanying the motion indicated that an investigator was necessary because much of his defense would come from witnesses in Ohio, and that there were approximately seven witnesses to be interviewed and several more to be "identified, located, and interviewed," as well as many items of physical and documentary evidence to be examined and analyzed. The appellant sought to employ Steve Stephens, a private investigator, and estimated the expense of hiring Mr. Stephens to be $2,500.00.

Appellant's first motion was denied subject to him producing the name of the investigator and what was going to be investigated. No further evidence was produced. Appellant's second motion to employ an investigator was identical to the first and was accompanied by similar affidavits. The second motion and affidavits, filed May 23, 1986, were no more precise than the first in setting out the necessity of the investigation. The affidavit of appellant's attorney estimated the expense of employing an investigator at $2,500.00. At the hearing in which these motions were considered there was no additional evidence of the need for the hiring of an investigator. Appellant argues in his brief that an investigator was critical to his defense in that he could locate witnesses in the County Clerk's Office of Clermont County, Ohio, who were present when he had his conversation with Investigator Stout and who could support appellant's version of the conversation. However, no such argument nor evidence was presented to the trial court prior to the ruling on the motions.

█ It is well established that an appellant complaining of improper action under Tex.Code Crim.Proc.Ann. art. 26.05 (Vernon Supp.1987) must present and preserve evidence of harm or injury. *Phillips v. State*, 701 S.W.2d 875, 895 (Tex.Crim.App. 1985); *Barney v. State*, 698 S.W.2d 114, 126 (Tex.Crim.App.1985). The record must reflect some specific need for the funds, such as the need for a particular expert or witness, or in what manner the defendant would be harmed if the testimony is not presented. *Barney v. State*, 698 S.W.2d at 126; *Castillo v. State*, 739 S.W.2d 280 (Tex.Crim.App.1987). The ruling of the trial court on appellant's first motion for an investigator was not an unequivocal denial. Rather, the trial court denied the motion subject to the requirements of *Barney*, i.e. "subject to your producing a name and what he is actually going to do and what the costs are."

Appellant's first point of error is overruled.

By a second point of error, appellant asserts the denial of due process of law and the effective assistance of counsel because the trial court failed to advance funds to him in order to secure the presence of out-of-state witnesses.

Appellant filed two requests for advancement of expenses. First on April 17, 1986, he filed a motion for expenses, stating that he needed the presence and testimony of two Ohio attorneys, Steve Haynes and Carl Sukeller, to "adequately present his motion to suppress his confession and, if denied, to present evidence that the confession was obtained violative of his Sixth Amendment right to counsel and Fifth Amendment right to remain silent." Appellant requested funds totaling $1,721.00 which included round-trip air fare from Cincinnati, Ohio, to Brownsville, Texas, automobile rental, and the per diem fee of $75.00 for each witness for five days. Appellant requested that the court order the Cameron County Treasurer to issue a check in that amount payable to the witnesses Haynes and Sukeller for these expenses. No affidavit from appellant, his attorney, or from the witnesses were filed with the motion attesting to its necessity.

At the hearing on pretrial motions, the trial court denied appellant's motion for expenses, but advised appellant's counsel that there were other means provided in the statutes to secure the attendance of out-of-state witnesses.

Appellant later filed an application for advancement of expenses for nonresident witnesses, stating that the two witnesses had been subpoenaed and would be applying to the Texas Comptroller of Public Accounts for compensation as nonresident witnesses under Articles 24.28 and 35.27 of

the Code of Criminal Procedure after appearing at trial. The application further stated that the appellant was financially unable to advance the witnesses funds prior to trial and thus applied for an advance of $1,811.36 to be paid out of the registry of the court to defray the witnesses' costs. The registry of the court would then be reimbursed by the Comptroller of Public Accounts for the State of Texas upon acceptance of the witnesses' applications for compensation for nonresident witnesses.

In his second application, appellant stated that the witnesses sought would testify to the effect that when they were acting as defendant's attorneys, they told police that the defendant did not wish to talk to them, invoking his right to remain silent and to have the assistance of counsel under the Fifth and Sixth Amendments of the United States Constitution. The second application was sworn to by the appellant.

No ruling was obtained on the application. Articles 24.28 and 35.27 of the Texas Code of Criminal Procedure (Vernon Supp. 1987) provide the methods by which out-of-state witnesses will be obtained and funds secured for their appearance. However, under those Articles, it is incumbent upon the appellant to establish that the expected testimony of the witnesses would be material and necessary to the criminal proceeding in order to have them subpoenaed. *Weaver v. State*, 657 S.W.2d 148 (Tex.Crim. App.1983); *Sanchez v. State*, 691 S.W.2d 795, 796 (Tex.App.—El Paso 1985, no pet.)

■ After the hearing on appellant's motion to suppress, the trial judge suppressed all statements made after the afternoon of Wednesday, January 29, which were those statements made after the appellant had invoked his right to remain silent, if any, which would have occurred after the desired witnesses had conferred with the appellant. No showing of materiality was made to the trial court as to the witnesses' knowledge of any proceedings or conversations by the appellant with Officer Stout prior to the witnesses' conversation with the appellant.

Appellant ably argues in his brief that the attorneys' testimony would have been useful in impeaching Officer Stout's credibility on the issue of whether appellant demanded an attorney in the Clermont County Clerk's Office prior to his arraignment in Ohio. However, there is no evidence that the attorneys were present at the time of appellant's first statements to Officer Stout, which were subsequently admitted into evidence by the trial court. In view of the trial court's ruling suppressing the later statements of the appellant, we fail to see where materiality of the witnesses was presented to the court prior to this ruling.

Although appellant has a sixth amendment right of compulsory process to call witnesses in his favor, and this right is applicable to the State under the Fourteenth Amendment of the Federal Constitution, this right is not absolute. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *Ashby v. State*, 646 S.W.2d 641, 643 (Tex.App.—Fort Worth 1983, pet.ref'd.). We fail to see that appellant established a valid need for the witnesses from Ohio. The trial court's refusal to advance the funds appellant requested was not an abuse of discretion, nor a denial of due process, nor did such a ruling deny the appellant the effective assistance of counsel. Accordingly, appellant's second point of error is overruled.

Appellant argues here the necessity of the presence of witnesses and the appointment of the investigator in order to locate potential witnesses who may have overheard appellant's statements to Stout in the County Clerk's office or who could have testified to impeach Stout's credibility. A review of the entire record of trial shows the desirability of those witnesses and the need for an investigator. However, we must view the trial court's actions for an abuse of discretion from the judge's vantage point, reviewing the evidence that was before him at the time he made his decision.

Appellant argues that it is violative of his right of effective assistance of counsel guaranteed by the Sixth Amendment of the Federal Constitution for Art. 26.05 to allow investigative expenses to be reimbursed

only after they are incurred, and then to a limit of $500.00 where the defendant is indigent and when the State has seemingly unlimited discretionary funds to expend investigating a case and bringing witnesses friendly to it down for trial. The statute requires, under *Phillips v. State, infra,* that court-appointed counsel advance the funds to investigate in the hope a benevolent trial judge will allow reimbursement up to $500.00. We believe "effective assistance of counsel" should not be dependent upon the wealth or charitable impulses of appointed counsel.

We are, however, restricted to reviewing the ruling at the time it was made upon the evidence presented to the able trial judge. We do not reach the constitutional questions regarding the limitations of amount allowed for investigation or the advance of funds versus reimbursement of funds already expended.

Appellant's third point of error is that the trial court abused its discretion and denied him due process of law by forcing him to trial five days after his court-appointed counsel received the court ordered, two-page witness list from the State. In essence, appellant complains of the trial court's failure to grant his motion for continuance.

The applicable dates in regard to the motion for continuance are that on March 19, 1986, appellant was found to be indigent and was appointed counsel. On April 4, 1986, the appellant was arraigned and on April 7, appellant, through his counsel, filed a series of motions including motions for discovery. On April 18, at the pretrial hearing, counsel for appellant and counsel for the State announced that they had reached an agreement on a number of matters requested by appellant in his motion for discovery. They agreed that the State would provide appellant a list of prosecution witnesses. The case was set for trial for the week of May 19, 1986, or the week of May 26, the actual date being dependent on the court's schedule in Willacy County. On May 23, appellant filed his second motion for authority to employ nonlegal assistance and in the alternative his first

motion for continuance, stating that he was not ready for trial because he did not have the funds to employ an investigator to properly prepare his defense. In a court appearance on May 23, 1986, appellant's attorney reurged his motion for an investigator and moved for continuance because he had just recently received the witness list from the State.

■ Appellant argues in his third point of error that he had only had the State's witness list for five days prior to trial. The State responds that the request for subpoenas was filed with the District Clerk on May 6, 1986, and as such, was available to appellant in the office of the District Clerk.

We note that the motion for discovery and inspection provides that the appellant "moves the court to order the District Attorney to make available and permit the defendant by and through his attorney to inspect and copy or photograph the following: 1. A list of names addresses and telephone numbers of all prospective prosecution witnesses who have knowledge of the facts of the present cause, and who in reasonable likelihood will be used in any stage of trial as witnesses in any capacity for the prosecution." That provision was apparently agreed to by the prosecution and ordered by the trial court, although no explicit order appears in the transcript. There is no evidence that the list of witnesses as requested was not made available to appellant in accordance with the discovery motion. On the contrary, it appears that the list of witnesses was filed with the District Clerk on May 6. Therefore, the list of witnesses had been prepared by that date and presumptively was available to appellant through the District Attorney's office had he chosen to request it.

The failure of the trial court to grant a continuance is governed by an abuse of discretion standard. The record fails to disclose harm to the appellant or that he would have conducted his defense any differently had he received the State's witness list any earlier. *Hernandez v. State,* 636 S.W.2d 611, 614 (Tex.App.—San Antonio 1982, no pet.); *Manges v. Astro Bar, Inc.,*

596 S.W.2d 605, 612 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Appellant's third point is overruled.

By his fourth point of error, appellant asserts the trial court erred by refusing to suppress statements made by the appellant to Officer Stout on January 29, 1986, while awaiting arraignment on his shoplifting charge.

Appellant initially filed a motion to suppress on April 7, 1986, requesting that the alleged confessions, "both oral and written," be suppressed because the failure to immediately take him before a magistrate and warn him of his constitutional and statutory rights violated his fourth, fifth, sixth, and fourteenth amendment rights. At the time of trial, May 29, 1986, a hearing was conducted regarding the admissibility of appellant's oral statements.[1]

 Appellant's motion to suppress was granted as to conversations occurring after the date of appellant's arrest in Ohio but was denied as to "all statements and admissions made by [appellant] to Detective Stout on the date of his arrest, which statements were made at the department store, in the clerk's office while the affidavit was being prepared, and in the anteroom while he was waiting to go before the judge." The court found the statements were voluntarily made and admissible as a matter of law and entered a number of findings and conclusions. One of the court's conclusions is as follows:

> The court concludes that the oral statements of defendant Johnson made on the afternoon of Wednesday, January 29, were made by him while in custody, but not as a result of a custodial interrogation. All his statements of that afternoon were voluntarily made in a series of spontaneous assertions; not in reply to a question, or even encouragement, by Investigator Stout who, indeed, knew nothing of the events being told him by the defendant.

A thorough review of the record reveals that appellant's admitted statements, although made while in custody, were not the product of custodial interrogation but were voluntary admissions and therefore admissible at trial. *East v. State*, 702 S.W.2d 606, 614 (Tex.Crim.App.1985); *Lindley v. State*, 635 S.W.2d 541, 544 (Tex.Crim.App. 1982). Although the appellant testified at the motion to suppress contrary to Officer Stout, the conflicting testimony does not vitiate the findings of the trial court and the admissibility of the confession. We find no error in the trial court's action. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.

---

1. No evidence of a written confession was con-  tained in the record.