**AFFIRM and Opinion Filed this 17th day of May, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-11-01529-CR**

_____

**GREGORY REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80642-2011**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Appellant Gregory Reed was convicted of assaulting his live-in girlfriend. He raises one point of error on appeal, contending the jury charge was erroneous because it contained a means of committing the assault that was supported by insufficient evidence. We affirm.

### I. BACKGROUND

The evidence at trial supported the following facts. The complaining witness was Kelli Hipp. She and appellant started dating in or about 2009. They moved in together at the end of 2009, renting a room from a woman named Debra Lewis. At some point, Hipp decided that she wanted to move out because she and appellant were not getting along. On February 22, 2010, Hipp had her things packed up and called some friends to come pick her up. Appellant wanted to talk to Hipp about it, so she went into the bedroom where he was and sat down in a chair.

Appellant went to the restroom. When he returned to the bedroom, he shut the door and grabbed Hipp's neck with both hands and squeezed her neck until she had a hard time breathing. Appellant dragged her out of the chair and onto the floor, where he continued to choke her. Hipp suffered injuries during the attack. She testified that she bit through her lip, and she testified that she believed she was bleeding from her nose as well. The assault stopped when Lewis came into the room. Appellant told Lewis to leave, and she did. Appellant then told Hipp to take a shower, and he stayed in the bathroom with her while she did so. Appellant stayed in the bedroom with Hipp the rest of that day and all the next day. On February 24, appellant went to work, and Hipp had a friend come pick her up. They went to the hospital, where Hipp found out she had a broken nose and a broken "eye orbit or something to that effect."

About two weeks later, Hipp's nose was still swollen, and she was having trouble breathing. She went to Parkland Hospital, where she was diagnosed with and treated for a septal hematoma. She then reported the crime to the police. The police took photographs of her injuries, which were still visible despite the passage of time. Appellant was eventually arrested and charged with assault of a family or household member.

Appellant pleaded not guilty, and his case was tried to a jury. This appeal concerns the following part of the jury charge:

> **NOW,** if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of February, 2010, in Collin County, Texas, the defendant, **GREGORY REED,** did then and there intentionally, knowingly, or recklessly cause bodily injury to Kelli Hipp, by grabbing the neck of Kelli Hipp with his hands, by squeezing the neck of Kelli Hipp with his hands, or by kicking Kelli Hipp with his foot . . . then you will find the defendant guilty . . . .

During deliberations, the jury sent a note to the trial judge, which read as follows:

Do we have to agree that Kelli
hipp was caused bodily harm by
at least one of the following:

      1. grabbing the neck
      2. by squeezing the neck
      3. by Kicking Kelli with his
        foot.

OR

  that Mr. Reed caused bodily
injury in any nature, including
or excluding 1, 2, or 3.

In response, the judge referred the jury to the jury charge, and particularly to the paragraph of the jury charge quoted above. The jury subsequently found appellant guilty and sentenced him to nineteen years in prison.

Appellant timely appealed.

## II. ANALYSIS

In his sole point of error, appellant argues that the trial judge erred by charging the jury that it could convict appellant by finding that he kicked Hipp because there was no evidence to support this allegation. He did not object to the jury charge in the trial court on this basis. Accordingly, in this appeal we determine first whether the jury charge was erroneous. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If it was, we reverse only if the error was so egregious and created such harm that it denied appellant a fair and impartial trial. *See id.* We note that appellant's specifically limits his argument on appeal to charge error, disclaiming any argument that he was denied his constitutional right to a unanimous verdict.

–3–

The trial judge should not charge the jury on a manner or means of committing an offense that is not supported by any evidence. *See Sanchez v. State*, 376 S.W.3d 767, 774 (Tex. Crim. App. 2012); *Ashby v. State*, 646 S.W.2d 641, 644 (Tex. App.—Fort Worth 1983, pet. ref'd). But in this case, there was some evidence to support the State's theory that appellant kicked Hipp. At trial, Hipp testified that appellant began choking her while she was sitting in a chair, then dragged her from the chair onto the floor. The State asked Hipp if she remembered whether appellant kicked her, and she replied, "At this point I really don't know. I don't recall." Then Hipp reviewed a written statement she had given to a detective, and this exchange occurred:

> Q. Having read that statement and refreshing your memory, can you now say whether or not at the time you believed you were kicked by this Defendant?
>
> A. Yes, ma'am.
>
> Q. And obviously, when somebody kicks you they're kicking you with their foot?
>
> A. Yes, ma'am.

Appellant argues that, taken literally, the first question quoted above was only whether Hipp remembered whether she previously believed that appellant kicked her, so her "Yes" answer establishes only her memory, not the fact that he kicked her. But taken in context, we conclude that Hipp's answer can reasonably be interpreted as confirmation that appellant did in fact kick her. Plainly the prosecutor understood Hipp's answer that way, because she immediately moved on to confirm that Hipp understood "kicking" to meaning kicking someone with one's foot. Accordingly, there was some evidence to support the inclusion of the phrase "or by kicking Kelli Hipp with his foot" in the jury charge as an alternative manner or means of committing the offense, and the trial judge did not err by including it.

We overrule appellant's sole point of error.

–4–

### III. Disposition

We affirm the trial court's judgment.

/Kerry P. FitzGerald/
_____
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
Tex. R. App. P. 47
111529F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGORY REED, Appellant

No. 05-11-01529-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-80642-2011.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of May, 2013.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE